## 29349. GUNNIN *v.* BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK.

DECIDED JANUARY 24, 1942.

*William A. Thomas,* for plaintiff.
*George & John L. Westmoreland,* for defendant.

FELTON, J. T. J. Gunnin sued the insurance company to recover on a policy of insurance for the alleged theft of his pick-up truck. The petition alleged that the truck was stolen by one Harold Brown and wrecked by him. On the trial the evidence of the plaintiff was to the effect that he had driven the truck to Atlanta and parked it in front of the farmers' market while he went into a café to get a sandwich, and that when he returned the truck had disappeared; that it was later found about eight miles from Atlanta, and that Harold Brown was in the truck at the time. Brown testified that he did drive the truck off, but that he did it with the consent and at the direction of the plaintiff; that the plaintiff told him to go home, or where he wanted to, but to

have the truck back to him by five o'clock the next morning. The jury found for the defendant. The plaintiff filed a motion for new trial based on the general and on seven special grounds. Exception here is to the order overruling the motion.

1. The evidence was in sharp conflict, but it did not demand a verdict for the plaintiff. The verdict having the approval of the trial judge will not be disturbed by this court.

2. The first three grounds of the amended motion complain that the court refused to let the plaintiff testify that as soon as he discovered the car was gone he notified the police that it had been stolen. It was not error to exclude this testimony because it was clearly a self-serving declaration which could not be binding on the company, and was a mere conclusion of the witness.

3. There is no merit in the fourth ground of the amended motion which complains of the exclusion of testimony sought to be elicited from Harold Brown to the effect that he had no driver's license. The ownership of such license was irrelevant and immaterial.

4. It was not error to exclude evidence of the good character of the plaintiff, since there had been no impeaching testimony previously introduced by the defendant. *Travelers Insurance Co.* v. *Sheppard,* 85 *Ga.* 751 (5, 33) (12 S. E. 18).

5. It was not error to exclude evidence of a conversation between the plaintiff and a third person to the effect that plaintiff had told such third person his truck had been stolen.

6. There is no merit in the remaining ground of the amended motion, which complains of the exclusion of testimony as to where the plaintiff spent the night, when it appeared that the testimony of the witness must of necessity be merely a conjecture.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*