43283. GUNNELLS et al. v. COTTON STATES MUTUAL
INSURANCE COMPANY et al.

ARGUED JANUARY 5, 1968—DECIDED JANUARY 19, 1968.

*Cook, Pleger & Boulogne, J. Vincent Cook,* for appellants.

*Fortson, Bentley & Griffin, Edwin Fortson, Hudson & Stula, Jim Hudson, McClure, Ramsay & Struble, Robert B. Struble,* for appellees.

JORDAN, Presiding Judge. 1. Although the final judgment on which this appeal is based is solely a determination of fact, the record before this court is devoid of any showing by any party of any attack on the proceedings in this aspect as failing to show a justiciable controversy to declare the rights and legal

relationships of the parties, and no such issue is made on appeal to this court, despite case holdings to the effect that declaratory judgment proceedings are not available merely to settle a disputed issue of fact arising between parties which could be decided when necessary in the course of other litigation. In this connection, see *Gibbs v. Forrester*, 204 Ga. 545, 549 (50 SE2d 318); *State of Ga. v. Hospital Authority of Gilmer County*, 213 Ga. 894, 898 (102 SE2d 543); *United States Fidel. &c. Co. v. Watson*, 106 Ga. App. 748, 750 (128 SE2d 515). Also, see *Kelly v. Strouse & Bros.*, 116 Ga. 872 (43 SE 280). Pretermitting the possible absence of such an asserted issue in this case, however, and assuming, without deciding, that the plaintiff in the lower court shows a proper case for declaratory judgment to determine the driver of the automobile involved, this court will review those alleged errors properly asserted and insisted upon on appeal which affect the judgment of the lower court.

2. The first enumerated error, relating to the admissibility of documentary evidence, is unsupported by argument or citation of authority, and is deemed to be abandoned. Rule 17 (c) (2) of this court.

3. The second enumerated error is directed to the rejection of testimony by Cleveland H. Gunnells that Robert G. Melton, a co-defendant and father of two of the occupants of the automobile, told him that Mike Martin was driving when the group left the Meltons' house shortly before the collision. The testimony was rejected upon objection by counsel for Martin who contended, among other stated grounds, that even if Melton made the statement it was not admissible against Martin as an admission, even though it might be admissible for impeachment if Melton testified differently. Melton's pleadings in pending litigation and in the present case show Carl Gunnells as the driver. The trial court rejected the testimony for the stated reason, among others, that it did not constitute an admission. If admissible at all at this stage of the proceedings, it was admissible subject to the limitations of *Code* § 38-403 (2), but the record does not show that counsel for Gunnells sought to have the testimony restricted as an admission against interest

confined to Melton alone, or to those parties who might have a joint interest in establishing that Carl Gunnells was the driver, and it is quite clear from the record as a whole that no joint interest existed as to the parties other than the Gunnellses in establishing Carl Gunnells as the driver, the contention of counsel on appeal to the contrary notwithstanding. The interest must be truly a joint interest, not merely one that is common, i.e., a community of interest. *Southern Life Ins. Co. v. Wilkinson,* 53 Ga. 535, 546.

Moreover, Melton's subsequent testimony substantially mooted the effect of the ruling, right or wrong, for it clearly shows that he acknowledged the inconsistency of any statements he may have made to Gunnells and a State Patrolman shortly after the incident concerning his knowledge or belief that Mike Martin was the driver, or at least was driving when he left Melton's house, and his subsequent position that Carl Gunnells was the driver. He denied any direct knowledge whatsoever as to the driver, stating he was in the house and did not see the group leave, but had assumed that Mike Martin, who owned the automobile, was the driver, and later changed his mind after talking to his child and another, who aliunde are shown to be the only survivors besides Carl Gunnells. No harmful error is shown by this enumeration.

4. The third enumerated error, based on the refusal of the court to allow Cleveland H. Gunnells to testify concerning a telephone conversation with Robert G. Melton, fails to show harmful error. It shows nothing more than that as a matter of hearsay Melton told Gunnells that "they" had examined the insurance policies and were going to contend that Carl Gunnells was the driver of the automobile, and "they" as used in the conversation either refers to other co-defendants, the Martins and the Reillys, or to the Meltons, Martins, and Reillys. Even if the statement were made, it is not an admission against interest, and is entirely consistent with the contentions of these co-defendants, as shown by the pleadings and evidence, including Melton's testimony as shown in the preceding division of this opinion. The inference that "they" had reason to believe Mike Martin was the driver, and were instead conspiring to

conceal the truth about the driver, and that to this extent the proffered hearsay is an admission against interest, is not supported by the record.

5. The next three enumerated errors are based on the action of the trial court in permitting attorneys for various parties to cross examine witnesses for the Gunnelses and other parties. This court will not interfere with the action of the trial judge in allowing "double" or "multiple" cross examination of witnesses, particularly in a situation such as here shown involving more than two parties, absent a showing of a manifest abuse of discretion. The clear intent of *Code* § 38-1705 is to recognize and allow the right of cross examination for witnesses called by other parties, and we consider it quite proper for the trial court to regard such witnesses as witnesses "called against" another party seeking cross examination, unless the absence of any "distinct interests" clearly appears.

We also note the failure of counsel to support his contentions in his brief in respect to these enumerated errors by specific reference to the record or transcript or both, as required by Rule 17 (c) (3) of this court. Without applying the rule in the present case so as to deny the appellant consideration of the enumerated errors involved, the failure of counsel to follow the rule in a case such as the present case, with a lengthy record and transcript, places an undue burden on the court and creates an element of uncertainty in searching through the record and transcript to ascertain the basis for the alleged errors. While the suggestion in the November 1967 issue of the Georgia State Bar Journal at p. 275 is not without merit, the present rule is clear and reasonable and should be followed literally by counsel in practice before this court in order not to prejudice the interests of their clients.

6. No error is shown, as contended in the seventh enumeration, by refusing to allow counsel for the Gunnelses the concluding argument. The determination of the order of argument among parties nominally on the same side, as the defendants in this case, was a matter for determination by the trial court in the exercise of a sound discretion, and no abuse of discretion appearing, this court will not interfere with the determination

of the trial court requiring counsel for the Gunnellses to argue first, to be followed by counsel for other defendants. See *Hines v. Donaldson,* 193 Ga. 783, 789 (20 SE2d 134).

7. The eighth enumeration is directed to instructions of the court to the jury "concerning the weight to be given to the alleged statements of Miss Barbara Reilly and Mr. Robert G. Melton." In stating the issue in the brief counsel quotes instructions to the effect that inconsistent extrajudicial statements "could be considered only in determining whether the particular defendant who is alleged to have made the statement in question has met the burden of proof imposed on that defendant in order to establish his contention," and argues the issue on the basis that the instructions limit consideration of the statements to a negative sense, i.e., to discredit the party who made the statement, and do not permit consideration of the statements as admissions against interest. The record and transcript do not show that counsel specifically excepted to the instructions as actually given on any such ground before the jury returned the verdict. Instead, he referred to the failure of the court to define res gestae and the failure to give a requested charge on admissions.

"[I]n all cases no party may complain of the giving or failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, stating distinctly the *matter* to which he objects *and the grounds of his objection,*" although as an exception thereto this court is required to consider and review instructions "where there as been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made." Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; *Code Ann.* § 70-207 (a), (c).

No substantial error which could be regarded as harmful as a matter of law appears from the excerpt quoted in the brief, when considered in context with the instructions as a whole.

8. By the ninth and final enumeration it is contended that the court erred in instructing the jury on the burden of proof. As argued in the brief counsel confines the issue to supplemental instructions that "the burden of proof which rests on each defendant in this case may be met by any evidence which may be

128

considered or the issue to which that defendant addresses himself, whether that evidence is offered from one witness or from another," contending that such instructions perpetuate the error as asserted in the ninth enumeration. This contention is without merit.

Judgment affirmed. *Pannell and Deen, JJ., concur.*