47000.   M. & G. TEXTILE COMPANY, INC. et al.
v. WEST POINT-PEPPERELL, INC.

CLARK, Judge. "The jury are the best doctors of doubt that we know of . . ." wrote the legendary Logan Bleckley in *Central R. Co. v. Ferguson & Melson,* 63 Ga. 84, 85. Another giant in Georgia jurisprudence, Arthur G. Powell,[1] one of the three[2] founding judges of this court, provided our lodestar in *Bell Bros. v. Aiken,* 1 Ga.App. 36 (2) (57 SE 1001): "2. This court is a court for the correction of errors in law and in equity·alone. It has no authority to entertain an assignment of error that the verdict is contrary to the evidence, if there is any evidence at all to support the verdict. This ground in the motion for new trial is addressed to the discretion of the trial judge,

---

[1] After serving five years on this bench to which he came from southwest Georgia Judge Powell became a leading lawyer in Atlanta where his name has been retained in one of the nation's prestigious firms. His book "Powell on Actions for Land" was the accepted authority on Georgia land law. He drafted our state's adaptation of Torrens land registration system now codified as Chapter 60 of our Code. His memoirs of his early years published under the title of "I Can Go Home Again" provide a delightful picture of the rural lawyer at the turn of the century. (1952 Ga. Bar Reports 143.)

[2] The other two were Benjamin H. Hill of Fulton County and Richard B. Russell of Jackson County. ("A History of the Court of Appeals of Georgia" by Judge Robert H. Jordan, 24 Ga. Bar Jour. 371.)

upon whom is imposed the duty of being satisfied with a verdict before he approves it."

More recently, *Hight v. Steely,* 86 Ga. App. 137, 140 (90 SE2d 886) ruled: "This court has strongly held in a long line of decisions that, although the evidence before a trial jury might have authorized a different verdict, where there is enough evidence to support the verdict found, this court will not reverse the judgment of the trial court in refusing a new trial on only general grounds. See *Marcus v. State,* 76 Ga.App. 581 (1) (46 SE2d 770); *Scott v. Gillis,* 202 Ga. 220 (2) (43 SE2d 95). It is the duty of the court to construe the evidence most strongly in support of a verdict which has been approved by the trial judge. *Brown v. Meador,* 83 Ga. 406 (9 SE 681); *Associated Mutuals v. Pope Lumber Co.,* 200 Ga. 487, 496 (37 SE2d 393). 'The verdict was authorized by the evidence and has the approval of the trial court. No error of law appearing, it will not be disturbed by this court.' *Fowler v. State,* 82 Ga. App. 197 (4) (60 SE2d 473)."

In the case sub judice suit was brought on account for goods sold and delivered with defendants alleging "that the merchandise delivered was defective and in many instances worthless; the price on many of the shipments was higher than that agreed by the defendants; and the 5 percent allowance for waste was not deducted." The jury found for the plaintiff in the full amount sued for and the trial judge denied a motion for new trial based on general grounds alone. Our review of the record and transcript requires us, in the light of the cited authorities, to hold the judgment is

*Affirmed. Eberhardt, P. J., and Deen, J., concur.*
ARGUED MARCH 9, 1972—DECIDED APRIL 5, 1972.

*Coy H. Temples,* for appellants.
*McCamy, Minor, Phillips & Tuggle, Carlton McCamy,* for appellee.