## 47551. SMITH v. POTEET et al.

CLARK, Judge. Funerals are lachrymose affairs. For the plaintiff, an elderly mourning relative and retired schoolteacher, her sadness was increased when she sustained painful injuries from a fall which occurred as she was walking across the artificial grass cover customarily placed at the burial site. In the complaint filed against both the funeral director and the cemetery the negligence charged against both defendants was "in permitting the hole or depression in the ground to remain in a spot where it would be walked into by complainant and in covering said hole or depression with artificial grass, so that it could not be seen or observed." The funeral firm filed a third-party complaint against Wilbert Burial

Vault Co. alleging the fault, if any, to be upon that concern which had prepared the area at the request of the funeral home. This third-party complaint was dismissed on the morning of the trial with the funeral director subsequently defending upon the theory that Wilbert Burial Vault Co. was an independent contractor so that its negligence, if any, would not be chargeable to Poteet. From the antagonistic ambiance concomitant with a hard-fought courtroom battle between capable advocates the jury returned a verdict for both defendants. This was followed by a motion for new trial which as amended was overruled and the instant appeal followed.

1. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." *Code* § 105-401. A duty of ordinary care was owed to plaintiff. The "standard is whether a reasonably prudent person at the time and in the circumstances would have foreseen danger and what he reasonably would have done to prevent injury; negligence is defective foresight judged by this standard rather than by hindsight of what actually happened and the effectiveness of the action taken." *Shockley v. Zayre of Atlanta,* 118 Ga. App. 672 (165 SE2d 179).

The facts sub judice are analogous to those in *Roberts v. Wicker,* 213 Ga. 352 (99 SE2d 84), where a judgment of nonsuit was granted. There plaintiff tripped on a threshold strip, commonly used in other buildings. "One would not necessarily observe the ridge on the metal strip or the groove in it by walking through the door, but one would have to get down on the floor and take a level view of the strip to discern its condition. . . There is nothing in the evidence to show or indicate the necessity of making such an inspection to ascertain the possible or probable existence of any defect, such as that other people had tripped or fallen while walking over the thresh-

old strip. Ordinary diligence, under such circumstances and the facts of this case, did not require an inspection where the defendants had no reason to think an inspection was necessary." *Roberts v. Wicker,* supra, pp. 354, 356.

"The pedestrian is not entitled to an absolutely level, smooth and unobstructed passageway. . . Shearman & Redfield on Negligence, Vol. 4, p. 1817, § 795." *Butler v. Jones,* 85 Ga. App. 158, 162 (68 SE2d 173).

"Ordinary care and diligence, as applied to the keeping of premises in safe condition, is a very elastic term, varying the quantum of actual caution to be exercised, according to the nature of the use to which the property is devoted, . . . and whether the condition could have been discovered by proper inspection [is a question] for the jury. [Cits.]." *Jones v. Hunter,* 94 Ga. App. 316, 320 (94 SE2d 384), as cited with approval in *Martin v. Henson,* 95 Ga. App. 715, 737 (99 SE2d 251).

If there were any acts of negligence, who had the duty of care and thereby became liable for breach of this duty? "The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer." *Code* § 105-501. However, under *Code* § 105-502 (5) the relationship of master and servant may be created where the contract gives, or the employer assumes "the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." *Blair v. Smith,* 201 Ga. 747, 748 (41 SE2d 133). If there is a "specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has [not] retained the right to control the manner, method and means of performance of the contract, and that the employee is . . . an independent contractor." *Golosh v. Cherokee Cab Co.,* 226 Ga. 636, 638 (176 SE2d 925), as cited recently by the Court

of Appeals in *Moon v. Georgia Power Co.,* 127 Ga. App. 524.

As against the defendant funeral director, plaintiff emphasizes the provisions of §§ 84-801, 84-803 and 84-804 in Chapter 84-8 of our Code captioned "Funeral Directors and Embalmers," codified from Ga. L. 1950, p. 238 et seq. As is stated in the opening declaration of public policy, this statute is "an exercise of the health powers of the State" with the legislation providing through a State board for licensing of persons as "an embalmer or funeral director" who meet the qualifications specified in § 84-809. The rationale behind this statute is that unless a human body is properly embalmed and buried or cremated, it may become a health hazard. Thus, such services as involve handling the corpse cannot be delegated or contracted to an unlicensed individual. However, one must distinguish between the portions of a funeral director's work which are directly aligned with his statutory professional responsibility of embalming and burial and those responsibilities he assumes because of our social mores. [1] The former is fixed by statute to avoid health hazards. The latter is decreed by society because of our culture and customs. Preparations made for relatives and friends to attend funeral services clearly fall under the latter category and no health hazard is involved. Therefore, Wilbert Burial Vault Co. was not forbidden by law from serving as an independent contractor in preparing the burial site including placement of the artificial grass carpeting.

The relationship between the parties was for the jury as the trior of fact to determine. That along with other factual issues was properly submitted to the jury for their determination. "After a verdict, the evidence is construed in its light most favorable to the prevailing party, for

---

[1] In 1963 a noted English writer, Jessica Mitford, dealt interestingly with this subject in The American Way of Death (Simon & Schuster, Inc., New York).

every presumption and inference is in favor of the verdict." *Brown v. Wingard,* 122 Ga. App. 544 (1) (177 SE2d 797). Where there is evidence sufficient to support the verdict and it has the approval of the trial judge, the judgment will be affirmed. *M. & G. Textile Co. v. West Point-Pepperell,* 126 Ga. App. 43 (189 SE2d 878); *Dade v. Dade,* 213 Ga. 533 (100 SE2d 181). The judgment for the defendants is supported by the evidence and is in accordance with the law. Therefore, enumerations 1, 2, 3 and 11 dealing with the general grounds of the new trial motion are without merit.

3. Enumeration number 4 contends the court erred in permitting counsel for one co-defendant to cross examine the agent of another co-defendant. "This court will not interfere with the action of the trial judge in allowing 'double' or 'multiple' cross examination of witnesses, particularly in a situation such as here shown involving more than two parties, absent a showing of a manifest abuse of discretion. The clear intent of *Code* § 38-1705 is to recognize and allow the right of cross examination for witnesses called by other parties, and we consider it quite proper for the trial court to regard such witnesses as witnesses 'called against' another· party seeking cross examination, unless the absence of any 'distinct interests' clearly appears." *Gunnells v. Cotton States Mut. Ins. Co.,* 117 Ga. App. 123, 126 (159 SE2d 730).

The defendants sub judice have definite, distinct interests. If negligence is assumed then the jury must determine who committed the negligent act: (1) Westover Memorial Park, Inc., who cared for the grounds and dug the grave; (2) Wilbert Burial Vault Co., who supplied the vault and set up other equipment necessary for a funeral, such as artificial carpet, chairs and tent; (3) the Poteets who, as funeral directors, embalmed the body and arranged for services including the work done by Wilbert. In addition, the jury must determine whether the Poteets had assumed a master-servant relationship with Wilbert Burial Vault, and thus were responsible for its acts. The court

did not abuse its discretion as the evidence clearly indicated "distinct interest" among the defendants. See also *Akridge v. Atlanta Journal Co.,* 56 Ga. App. 812 (194 SE 590) and *Rainey v. Moon,* 187 Ga. 712, 717 (2 SE2d 405). Enumeration number 4 is therefore without merit.

4. Enumeration number 5 contends that the court erred in permitting defendant Howard Poteet to testify concerning his contract with Wilbert Burial Vault Co. This testimony is relevant as it would aid the jury in determining the status of Wilbert Burial Vault Co., and consequently whether the Poteets were liable for Wilbert's acts in addition to their own. "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case." *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643). "When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such as the jury ought to be permitted to hear." *Walker v. Roberts,* 20 Ga. 15 (1). Appellant's objection to admissibility was in part based on a contention that appellees had not pleaded the independent contractual relationship as an affirmative defense. *Code Ann.* § 81A-108 (c) was not applicable as neither agency nor an independent contractual relationship is one of those listed therein as an affirmative defense. Therefore this enumeration is without merit.

5. Enumeration number 6 contends that the court erred in striking the following testimony of defendant Howard Poteet: "Q. And don't you represent to them [family and friends that come to the funeral] that they are going to have a safe place to walk and are not going to fall down and break their arm? A. Yes, Sir. Q. And this is part of your service and you represent that these things are not going to happen?"

Defendant's counsel objected and the court sustained the objection on the ground that "He can't foresee what's

going or not going to happen." T. 85-86. "There is no merit in the remaining ground of the amended motion, which complains of the exclusion of testimony as to where the plaintiff spent the night, when it appeared that the testimony of the witness must of necessity be merely a conjecture." *Gunnin v. Bankers &c. Ins. Co.*, 66 Ga. App. 574, 575 (18 SE2d 563).

The right of broad cross examination does not include the admissibility of otherwise inadmissible or irrelevant evidence. *Morgan v. State*, 211 Ga. 172 (84 SE2d 365).

6. Enumeration number 7 contends the court erred in charging the plaintiff's duty to exercise ordinary care to avoid the consequences of any negligence by defendants when such is apparent or in the exercise of ordinary care should have become apparent to plaintiff. The charge as given was correct as an abstract principle of law. *Code* § 105-603; *Tidwell v. Tidwell*, 92 Ga. App. 54 (87 SE2d 657). When the particular language complained of states an abstract principle of law it is then necessary for examination of the record to ascertain if the complaining party has been injured by the giving of such instruction. *Troy v. Wright Body Works*, 109 Ga. App. 346 (136 SE2d 197); *Anderson v. Southern R. Co.*, 107 Ga. 500 (4) (33 SE 644). "An instruction containing a correct legal principle, though inappropriate to the case, if not prejudicial to the contention of the losing party, affords no sufficient reason for granting a new trial." *Turner v. Elliott*, 127 Ga. 338 (3) (56 SE 434). See also *Rolan v. Rittenhouse*, 107 Ga. App. 769 (3) (131 SE2d 112). As was said in *Wilson v. Harrell*, 87 Ga. App. 793, 795 (75 SE2d 436): "While the giving of this charge may have been inapt and not entirely adjusted to the pleadings or the evidence, it was not reversible error."

7. Enumeration number 8 attacks inclusion in the charge of the legal theory of "accident." The 9th enumeration attacks the failure to include in the jury charge that portion of *Code* § 105-502 which in subparagraph 4 provides that an employer is liable for the negligence of a con-

tractor "if the wrongful act is the violation of a duty imposed by statute." Both attacks are based upon the contention there was negligence per se through violation of standards contained in *Code Ann. Ch.* 84-8. As we have heretofore pointed out the work assigned to Wilbert as an independent contractor of preparing the burial site, including placing artificial grass, chairs, and normal burial equipment, would not come within the professional category such as embalming and corpse preparations which must be performed by the individual professional licensee.

Furthermore, "'The term (accident) has been used to refer to . . . a happening which, although not wholly free from negligence by such person, was not proximately caused by a failure of either of the parties to a case to exercise ordinary care in the situation.' 65 CJS 646, Negligence, § 21 (a) (1), citing *Pickering v. Wagnon,* 91 Ga. App. 610 (86 SE2d 621) and *Boatright v. Sosebee,* 108 Ga. App. 19 (132 SE2d 155)." *Teppenpaw v. Blaylock,* 126 Ga. App. 576, 579 (191 SE2d 466).

Where there is evidence of "accident" in the record, it is not error to charge the jury on that subject. *Caldwell v. Knight,* 94 Ga. App. 827 (96 SE2d 331). See also *Trammell v. Williams,* 97 Ga. App. 31 (101 SE2d 887).

8. Enumeration number 10 contends the court erred in failing to inform plaintiff's counsel as to the court's proposed action on defendants' requests to charge. *Code Ann.* § 70-207 (b) states: "The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury. . ." As this is similar to Rule 51 of the Federal Rules of Civil Procedure, the application by the Federal courts has persuasive influence in our consideration. *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393). These cases point out that "an essential purpose of Rule 51 is to permit counsel to argue intelligently upon the evidence, within the framework of the applicable law, and also, by reason of advance notice as to the disposition of requests for instructions, to alert

him to take appropriate exceptions following delivery of the charge." Tyrill v. Alcoa Steamship Co., 185 FSupp. 822, 824 (S. D. N. Y. 1960).

For reversal to be obtained for such inadvertent oversight, it is necessary to show substantial prejudice to have resulted. Levin v. Joseph E. Seagram & Sons, 158 F2d 55 (7th Cir.); Finkle v. N. Y., N. H. &c. R. Co., 26 FRD 9 (D. C. Conn. 1960). From the manner in which the record shows plaintiff's capable counsel noted his objections to the charge it appears that his client has not been prejudiced. Moreover, as was noted in the Finkle case, supra, p. 10, "when counsel embark upon their summations without any request for such information, the trial judge may usually infer that they envisage no need for such information and treat the requirement as waived."

In dealing with procedural rules and the requirement that harmful error must be shown in order to obtain a reversal upon appeal our Fifth Circuit concluded in Dallas R. &c. Co. v. Sullivan, 108 F2d 581, 584 (1940) that "Dialectical perfection, metaphysical nicety, abstract inerrancy, are not expected or required of Federal trial courts." We are constrained to add that this same language is applicable to state trial courts.

*Judgment affirmed. Eberhardt. P. J., and Deen, J., concur.*
Submitted October 5, 1972—Decided November 17, 1972—
Rehearing denied December 6, 1972.

*Congdon, Williams & Daniel, W. Barry Williams, Robert C. Daniel, Jr.,* for appellant.

*Fulcher, Hagler, Harper & Reed, Wiley S. Obenshain, III, Gould B. Hagler, George B. Rushing,* for appellees.