76732. CRUMBLEY et al. v. WYANT et al.
(372 SE2d 497)

BANKE, Presiding Judge.

Appellant Crumbley brought this action on his own behalf and as next friend of his minor daughter to recover for the death of Mrs. Crumbley due to alleged medical malpractice on the part of the appellees, John R. Wyant, M.D., and Cobb County Kennestone Hospital Authority. This appeal follows a jury verdict in the appellees' favor.

Mrs. Crumbley gave birth to the appellant daughter at Kennestone Hospital while under the care of Dr. Wyant. Approximately 13 hours later, while still a patient at the hospital, she asked to take a bath. A nursing assistant filled the bathtub with water and left her alone with instructions to use the nurse's call button if she needed assistance. The nursing assistant returned approximately 20 minutes later to find Mrs. Crumbley unconscious and kneeling over the side of the bathtub with her face at least partially in the water. She was resusitated but had suffered irreversible brain damage and died several days later upon termination of life support systems. At trial, the appellants offered expert opinion testimony to the effect that Mrs. Crumbley had died of asphyxiation after collapsing from a seizure most likely caused by a previously undiagnosed and untreated condition known as pre-eclampsia/eclampsia. The appellees, on the other hand, offered medical testimony to the effect that Mrs. Crumbley had died from a heart attack.

After the jury returned its verdict in favor of the appellees, the trial court granted the appellants a new trial against Kennestone based on a perceived error in the jury instruction concerning the duty

of care the hospital had owed to Mrs. Crumbley. The appellants' motion for new trial was otherwise denied. This court subsequently granted leave to Kennestone to bring an interlocutory appeal and reversed the trial court's ruling with respect to the jury instruction. *Cobb County &c. Hosp. Auth. v. Crumbley*, 179 Ga. App. 896 (348 SE2d 49) (1986).

Upon the return of the case to the lower court, the appellants filed a notice of appeal from the denial of the remaining grounds of their motion for new trial. That appeal was dismissed as untimely by the trial court upon motion by the appellees; however, we reversed that ruling in *Crumbley v. Wyant*, 183 Ga. App. 802 (360 SE2d 276) (1987), with the result that the Crumbleys' appeal is now before us for review on the merits. *Held*:

1. The appellants assert that the trial court erred in allowing the appellees to cross-examine each other's expert witnesses. "The clear intent of [OCGA § 24-9-64] is to recognize and allow the right of cross-examination for witnesses called by other parties, and we consider it quite proper for the trial court to regard such witnesses as witnesses 'called against' another party seeking cross-examination, unless the absence of any 'distinct interest' clearly appears." *Gunnells v. Cotton States Mut. Ins. Co.*, 117 Ga. App. 123, 126 (159 SE2d 730) (1968). "As a general proposition, '(t)his court will not interfere with the action of the trial judge in allowing 'double' or 'multiple' cross-examination of witnesses, . . . absent a showing of a manifest abuse of discretion.' [Cit.]" *Kilpatrick v. Foster*, 185 Ga. App. 453, 458 (364 SE2d 588) (1988).

The complaint sought to hold the two appellees jointly and severally liable based on Dr. Wyant's alleged failure to diagnose and treat the condition which had caused the decedent's death, combined with the hospital's alleged failure to report certain laboratory findings to Dr. Wyant and to provide proper nursing care to the decedent. However, the appellants nevertheless contend that the appellees had no distinct or adverse interests with respect to the defense of the case, because both sought to prove that the decedent died of a cause other than pre-eclampsia/eclampsia. We cannot agree that the appellees' common reliance on such evidence eliminated all adversity of interest between them, as the jury could certainly have determined that the decedent's death could have been prevented by the provision of more intensive nursing care to her by the hospital, regardless of the immediate cause of her loss of consciousness. Consequently, we find this enumeration of error to be without merit. See generally *Lavender v. Wilkins*, 237 Ga. 510 (4) (228 SE2d 888) (1976).

2. The appellants contend that the trial court erred in giving the following instructions concerning the burden of proof in a medical malpractice action: "[T]he law presumes that medical services were

rendered in an ordinarily skillful manner, the burden is on the one receiving the services to show a want of due care, skill and diligence . . . [and] the proof required to overcome [the] presumption that the proper care, skill and diligence were possessed and used by the defendant is that given by physicians or surgeons as expert witnesses." The appellants challenge this portion of the court's charge primarily on equal protection grounds, asserting that it gives medical malpractice defendants the benefit of a presumption not available to defendants in other negligence actions and thereby imposes a heavier burden of proof on plaintiffs in medical malpractice actions. However, because the charge has been consistently approved by the Supreme Court as well as this court, we conclude that the trial court did not err in giving it for this or any of the other reasons asserted by the appellants. See *Shea v. Phillips*, 213 Ga. 269 (2) (98 SE2d 552) (1957); *Hooper v. McCord*, 115 Ga. App. 10 (153 SE2d 646) (1967); *Overstreet v. Nickelsen*, 170 Ga. App. 539 (4) (317 SE2d 583) (1984). See also Suggested Pattern Jury Instructions, Vol. I., Civil Cases, p. 316 (2d ed., 1984).

3. The appellants complain that the following jury instruction was not adjusted to the evidence: "The mere difference of views between physicians as to the techniques or as to medical judgment exercised is insufficient to support an action for malpractice where it is shown that the procedure preferred by each or the judgment exercised is an acceptable and customary method of treatment." This contention is without merit. The expert witnesses clearly differed with respect to their diagnosis of Mrs. Crumbley's illness and the cause of her death, with the result that they also differed in their assessment of the treatment which she should have received. See *Hayes v. Brown*, 108 Ga. App. 360, 366 (133 SE2d 102) (1963).

4. The appellants similarly contend that there was no evidentiary basis for the court's charge that the appellees could not be held liable merely for an unfortunate result of medical treatment rendered in an ordinarily skillful manner. For the reasons stated in Division 3, supra, we find this enumeration of error also to be without merit.

5. Finally, the appellants contend that they were prejudiced by the trial court's repetition of certain charges assertedly favorable to the appellees.

"[M]ere repetition of a principle of law, while unnecessary, will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the [complaining party's] rights. [Cits.] . . . [T]o determine whether the error is prejudicial so as to result in reversal, the whole charge must be examined. [Cits.]" *Jackson v. Rodriquez*, 173 Ga. App. 211, 213 (325 SE2d 857) (1984).

The jury charge in this case was quite lengthy and was prefaced

with an admonition that if certain instructions were repeated, it was not for the purpose of emphasis but to explain more clearly the applicable principles of law. The jurors were further instructed that they were not to construe any part of the charge as a statement of opinion by the court. Our review of the charge as a whole convinces us that the jury was properly instructed as to the standard of care and burden of proof applicable in the case and that any repetition in the charge did not result in an unfair statement of the law in relation to the appellants' rights. Accordingly, we hold that this enumeration of error is also without merit.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Robert E. Shields, Michael A. Young, Laurel J. Lucey,* for appellants.

*Thomas J. Casurella, Robert H. Cleveland,* for appellees.