A92A0850, A92A0851. BRYSON et al. v. BUTTON GWINNETT SAVINGS BANK et al.; and vice versa.
(423 SE2d 691)

JOHNSON, Judge.

Jerry W. and Barbara A. Bryson brought suit against the builders, real estate agency and agent, builders' lender and its loan officer in connection with the purchase of a newly built house. The Brysons alleged that the builders breached the terms of the sales contract because the house was not constructed and landscaped in a skillful and workmanlike manner. They also alleged that the real estate agent, and the bank's loan officer fraudulently represented that certain construction and landscaping would be completed after the closing and that sufficient funds were available from the closing to complete the work. The Brysons also sought punitive damages and attorney fees. The real estate agency and its agent entered into a settlement agreement with plaintiffs and were dismissed prior to trial. A jury trial was held to quantify unliquidated damages awarded in a default judgment entered against one of the builders (the other builder-defendant having filed bankruptcy) and on the remaining claims against the bank

and Michael Engram, its loan officer. The jury returned a verdict in favor of the bank and Engram. The Brysons' motion for a new trial was denied, and this appeal follows. The bank filed a cross-appeal raising as error the denial of its motions for a directed verdict and to dismiss.

*Case No. A92A0850*

1. The Brysons allege that the trial court erred in refusing to give certain requested charges, specifically numbers 9, 11, 21, 22, 23, 27, 28 and 29. The Brysons asserted a fraud claim against the bank and Engram. As to the court's refusal to give requested charges 9 and 21, the Brysons alleged that Engram knowingly misrepresented projected costs to finish the house, that they relied on Engram's estimate in deciding to go forward with their purchase of the home and that they were thereby damaged. They further assert that Engram failed to fully apprise them of the builders' financial situation. The court refused the requested charges because those charges define the elements of fraud in terms of equity (OCGA Title 23) rather than in tort. The charges suggest that the bank withheld information from the Brysons which it had an obligation to disclose. The court correctly delineated the obligations of the bank to the Brysons in charging: "It is not the type of relation which would permit the borrower to rely on representations expressed by the lender without prosecuting their own inquiries." See *Pardue v. Bankers First Fed. S & L Assn.*, 175 Ga. App. 814, 815 (334 SE2d 926) (1985).

Similarly proposed charge numbers 11, 22, 23 and 27 all related to the issue of the obligation of the plaintiff to conduct an independent investigation regarding the veracity of the information or lack of information transmitted by the defendant. The court gave a full and accurate charge on the elements of the tort of fraud. "A requested charge is properly refused when the principle involved is substantially covered by the court's general charge." (Punctuation and citations omitted.) *Mattox v. MARTA*, 200 Ga. App. 697, 699 (2) (409 SE2d 267) (1991). Therefore the court did not err in refusing to give these charges.

No argument was articulated or authority cited with regard to asserted error in the trial court's refusal to give requests to charge numbers 28 and 29. Therefore, assertions of error with regard to these requests to charge are deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2).

2. The Brysons further allege that the trial court erred in giving the bank's requested charge numbers 12, 17, 19 and 20. No objection was made during the charge conference with regard to charge number 12. This charge was a correct statement of law. There not being any

substantial error which would require consideration by this court in the absence of objection, we deem objection to that charge waived and will not consider it for the first time on appeal. OCGA § 5-5-24; *Hunter v. Batton*, 160 Ga. App. 849 (1) (288 SE2d 244) (1982); *Pool Markets South v. Moore*, 189 Ga. App. 48 (1) (374 SE2d 831) (1988).

The bank's requested charge numbers 17, 19 and 20 are variations on the principle of law which holds that a lender is not an insurer of the work of the contractor. This is a correct statement of the law. See *Harden v. Akridge*, 193 Ga. App. 736 (389 SE2d 6) (1989); *First Fed. Savings &c. v. Fretthold*, 195 Ga. App. 482 (394 SE2d 128) (1990). In this trial, the jury was also being asked to assess damages against the builder. The trial court correctly gave these charges in order to avoid confusion concerning which damages were attributable to the various parties. We find no error in these charges being given to the jury.

3. In their third enumeration of error, the Brysons contend that the charge to the jury, when considered as a whole, made a jury verdict in their favor impossible. " '(T)he· isolation of segments of the overall charge to the jury and the individual dissection of such parts is not grounds for reversal. . . .' [Cit.]" *Chesser v. Wallace*, 200 Ga. App. 567, 568 (2) (408 SE2d 814) (1991). In the instant case, we have reviewed the charge in its entirety and find that it fully and correctly instructed the jury on the elements of fraud asserted against the bank and Engram. Accordingly, the Brysons' contention that the charge as a whole was erroneous is without merit.

4. The fourth and fifth enumerations of error allege error in connection with the testimony of Keith Lehr. Lehr was the real estate agent who negotiated the sale of the house to the Brysons. Initially a defendant in this action, Lehr and his broker, ReMax Intown, were dismissed from the action prior to the trial of the case. The Brysons subpoenaed Lehr to testify at the trial. After Brysons' counsel completed his cross-examination, counsel for the bank began her examination of the witness, asking leading questions. Counsel for the Brysons objected to the form of the questions and the court overruled the objection stating that leading questions were permissible since Lehr was not an agent of the bank and therefore subject to cross-examination. Counsel has not cited any authority or articulated any argument on appeal in support of his position that permitting the bank to ask the witness leading questions was error. Instead, he has merely copied 21 leading questions posed during that examination from the transcript of the trial into the Brysons' brief. "Every party has the right to a thorough and sifting cross-examination of witnesses called against him, and the control of the right of cross-examination is left to the sound discretion of the trial judge, whose decision will not be reversed absent abuse of that discretion. [Cit.]" *Hightower v. Mc-*

*Intyre*, 170 Ga. App. 269, 270 (2) (316 SE2d 849) (1984).

Similarly, appellants ask us to find harmful error in the trial court's permitting both the bank's lead and co-counsel to question Lehr. The only authority for this alleged error is former Georgia Code Annotated § 24-3388 which was repealed in 1985 when the new Uniform Superior Court Rules were adopted. Although we can envision situations in which such "double-teaming" would constitute harmful error, we are not persuaded by this authority or the circumstances of this case that it was necessarily error to permit two attorneys to question the same witness. Even if it was error, the Brysons have not identified any harm as a result. For error to be reversible it must be harmful. *Ingram v. Peterson*, 196 Ga. App. 888, 891 (6) (397 SE2d 141) (1990).

5. The Brysons complain in their final enumerations of error that the trial court erred in dismissing their claim for tortious conversion, and in denying their motion in limine seeking to exclude portions of both Jerry and Barbara Bryson's depositions from use at trial. We have reviewed these complaints and they are without merit. The Brysons have not cited any authority in support of their position on either of these issues. Although these enumerations contain argument, it is conclusory and insufficient to raise justiciable issues. *Hunter v. State*, 201 Ga. App. 9, 10 (410 SE2d 204) (1991). Accordingly, we find no error.

### Case No. A92A0851

In its cross-appeal, the bank asserts that the trial court erred in denying its motion for a directed verdict and to dismiss. In light of our holding in Case No. A92A0850 above, we find that cross-appeal A92A0851 is rendered moot.

*Judgments affirmed. Carley, P. J., and Pope, J., concur.*,

DECIDED OCTOBER 2, 1992.

*Gary C. Harris*, for appellants.
*Schreeder, Wheeler & Flint, Timothy C. Batten*, for appellees.