A01A1928. SOUTHERN GENERAL INSURANCE COMPANY
v. CREWS et al.
(560 SE2d 331)

ANDREWS, Presiding Judge.

Southern General Insurance Company (Southern General) appeals from the trial court's dismissal of its action for interpleader and declaratory judgment. Because the trial court correctly determined that Southern General's petition failed to set forth a cause of action, we affirm.

This case arose out of an automobile accident in which Jamie Hall and Sheila Jones were killed, and Hall's child, Tessa Jo Howard, was injured. Hall, Jones, and Howard were all riding in Hall's car when it collided with another car. There is a question as to whether Hall or Jones was actually driving the car, and there appears to be evidence that whoever was driving may have been negligent. Southern General insured Hall and the car under a policy with minimum

---

limits of $15,000. Southern General also insured Jones under a policy with $15,000 minimum limits.

As a result of the accident, numerous claims were raised by representatives of both women. Jones's representatives filed suit against Hall's estate for wrongful death and pain and suffering based upon evidence that Hall was driving. Hall's representatives filed claims against Jones's estate based upon evidence that Jones was driving.

Southern General filed a petition for interpleader and declaratory judgment, alleging that the conflicting claims "render[ed] it doubtful or dangerous for Petitioner to act, and unless equity intervenes, Petitioner may be subject to conflicting claims, penalties and a multiplicity of suits or actions." The petition requested that the court order all the civil suits to be stayed and require the respondents to set up and establish their respective claims in one proceeding at which the court would determine who was driving the car. Southern General did not put into the registry of the court the policy limits of both its insureds, but instead tendered only $15,000, claiming that only one person was driving the car.

The respondents filed a motion to dismiss the interpleader or, in the alternative, to order Southern General to put $30,000 into the registry of the court. They argued that Southern General had two policies at stake and, therefore, should defend all suits. We agree.

Interpleader is appropriate when there are claims against the plaintiff that could expose it to double or multiple liability. OCGA § 9-11-22. There is also an equitable interpleader statute which provides that "[w]henever a person is possessed of property or funds or owes a debt or duty, to which more than one person lays claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." OCGA § 23-3-90 (a).

Therefore, the insurance company is entitled to a petition of interpleader if it is in a position in which it is liable to one of two or more persons, who claim from it the same debt or duty; and the company claims no right in opposition to the claimants and does not know to whom it "ought, of right, to render the debt or duty." (Punctuation omitted.) *Phillips v. Kelly*, 176 Ga. 111, 114 (167 SE 281) (1932).

This is not a case where there are multiple claimants to the same stake or where the company could be liable for more than the policy limits. Southern General faces no uncertainty; it simply has to defend the lawsuit brought against its insured and pay up to its policy limits if judgment is rendered against her. That it insures both women is immaterial.

In addition, Southern General's claim for declaratory judgment presents no justiciable controversy, and the trial court correctly dis-

missed it. The Georgia declaratory judgment statute, OCGA § 9-4-2 provides in pertinent part:

> (a) In cases of actual controversy, the respective superior courts of this state shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such. (b) In addition to the cases specified in subsection (a) . . . , the respective superior courts of this state shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for the declaration, whether or not further relief is or could be prayed, in any civil case in which it appears to the court that the ends of justice require that the declaration should be made; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

Thus, a declaratory judgment may not be granted in the absence of a justiciable controversy. "The plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest." (Punctuation omitted.) *Chattahoochee Bancorp v. Roberts*, 203 Ga. App. 405, 406 (416 SE2d 875) (1992).

In *Gunnells v. Cotton States Mut. Ins. Co.*, 117 Ga. App. 123 (159 SE2d 730) (1968), there was also a dispute over who was actually driving the car. The insurance company obtained a stay of all proceedings and filed a declaratory judgment action to determine who was driving the car. The Supreme Court noted in its opinion that no one had attacked the action as failing to show a justiciable controversy even though "declaratory judgment proceedings are not available merely to settle a disputed issue of fact arising between parties which could be decided when necessary in the course of other litigation." Id. at 124 (1). Although not necessary to the holding in the case, the Court certainly indicated that, had the declaratory judgment action been challenged, it should have been dismissed for failing to set forth a cause of action. See also *State of Ga. v. Hosp. Auth. of Gilmer County*, 213 Ga. 894, 898 (102 SE2d 543) (1958); *Gibbs v. Forrester*, 204 Ga. 545, 549 (50 SE2d 318) (1948).

In this case, the declaratory judgment action has been challenged, and we see no peril to Southern General in defending suits

against both its insureds. What Southern General is seeking from the Court in this case is simply a factual determination as to who was driving Hall's car. Accordingly, Southern General has failed to set forth a cause of action for declaratory judgment or interpleader. The trial court did not err in dismissing the petition.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED FEBRUARY 15, 2002.

*Dillard & Bower, Terry A. Dillard, Bryant H. Bower, Jr.,* for appellant.

*Karsman, Brooks & Callaway, Stanley Karsman, Killian & Boyd, Robert P. Killian, William T. Ligon, Jr., Vincent D. Sowerby,* for appellees.