**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**March 5, 2021**

# In the Court of Appeals of Georgia

A20A1736. SMITH v. LANEY et al.

MILLER, Presiding Judge.

This case stems from a motor vehicle collision in Dothan, Alabama, between Eugene Smith, Ray Laney, Ariella Weekes,[1] and an unnamed John Doe defendant. Smith, the plaintiff in this negligence action, seeks review after a jury returned a verdict in favor of all the defendants. Smith contends that the trial court erred in allowing Laney and his employer, Laney Transportation, to be treated as separate entities at trial because the Laney defendants did not have distinct interests that allowed them to be treated as separate entities for the purpose of examining witnesses, and the Laney defendants did not have distinct interests for any other trial

---

[1] The record is inconsistent as to whether Ms. Weekes' last name is spelled "Weeks" or "Weekes." Because Ms. Weekes' own filings spell her name as "Weekes," we will use that spelling in this opinion.

purpose such as opening and closing arguments. We conclude that the trial court did not abuse its discretion when it allowed the Laney defendants to conduct separate cross-examinations or when it allowed the Laney defendants to conduct voir dire separately or present separate opening and closing arguments. We therefore affirm the jury's verdict.

"Once a jury has returned a verdict and it has been approved by the trial court, we will affirm the verdict if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. In addition, we construe the evidence in the light most favorable to the verdict." (Citations omitted.) *Cameron v. Peterson*, 264 Ga. App. 1 (589 SE2d 834) (2003).

So viewed, the evidence shows that on January 26, 2017, Smith was driving a motorcycle northbound on South Oates Street in Dothan, Alabama. While driving on that road, Weekes and Laney, who were driving in front of Smith, suddenly stopped to avoid another vehicle, which caused Smith to hit the back of Laney's car. Smith was thrown from his motorcycle and suffered serious injuries.

Smith sued Laney, Weekes, and a John Doe defendant for the damages resulting from their negligence. Smith later added Laney Transportation, Laney's employer, as a party defendant, alleging that Laney operated his vehicle within the

2

scope of his employment with Laney Transportation and that Laney Transportation was therefore liable under the theory of respondeat superior. Before trial, Smith moved for Laney and Laney Transportation to be treated as one party for the purposes of making opening and closing arguments and for questioning witnesses, but the trial court denied the motion. At trial, Laney Transportation admitted that it was not challenging whether Laney was operating the vehicle within the scope of his employment, and it argued to the jury that its liability "boil[ed] down to" whether or not Laney acted unreasonably under the circumstances. The verdict form placed both Laney and Laney Transportation on the same line and did not give the jury the ability to separately apportion fault or liability between Laney and Laney Transportation. Smith renewed his objection to the trial court's decision to allow the Laney Defendants to proceed separately, which the trial court overruled.

The jury found in favor of all the defendants. Smith filed a motion for new trial, contending that the trial court erred in allowing Laney and Laney Transportation to be treated separately for trial purposes. The court denied the motion, and this appeal followed.

3

1. In his sole enumeration of error, Smith argues for various reasons that the trial court erred in treating Laney and Laney Transportation as separate entities for the purpose of trial. We disagree.

(a) Smith first argues that the trial court's order violated his due process rights because he was denied a fair trial since the Laney Defendants had a "two-to-one advantage" over him. Smith, however, never raised a due process claim before the trial court nor argued below that his due process rights would be violated by allowing the Laney Defendants to proceed separately. A party may not "on appeal raise questions or issues neither raised nor ruled upon by the trial court." (Citation omitted.) *Shelley v. Town of Tyrone*, 302 Ga. 297, 308 (3) (806 SE2d 535) (2017). See also *Hyde v. State*, 291 Ga. App. 662, 664 (2) (662 SE2d 764) (2008) ("The rule is that the scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching or shifting [arguments].") (citation and punctuation omitted). We therefore do not address Smith's due process claim.

(b) Smith next argues that the Laney Defendants should not have been treated as separate entities for the purposes of examination of witnesses because they did not have differing interests as required under OCGA § 24-6-611 (b). Upon a close

4

reading of that statute and our relevant case law, we determine that the trial court did not abuse its discretion in allowing both Laney and Laney Transportation to cross-examine witnesses and that, even if it did, any error was harmless.

"[T]his court will not interfere with the action of the trial judge in allowing 'double' or 'multiple' cross-examination of witnesses, particularly in a situation, such as here shown, involving more than two parties, absent a showing of a manifest abuse of discretion." (Citation omitted.) *Kilpatrick v. Foster*, 185 Ga. App. 453, 458 (7) (364 SE2d 588) (1987). Additionally,

> [w]hen we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its "plain and ordinary meaning," we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citation omitted.) *Med. Center of Central Ga., Inc. v. Hosp. Auth. of Monroe County*, 340 Ga. App. 499, 504 (3) (798 SE2d 42) (2017). "Moreover, particular words of statutes are not interpreted in isolation; instead, courts must construe a statute to give sensible and intelligent effect to all of its provisions, and must consider the statute in relation to other statutes of which it is part." (Citation and punctuation

omitted.) *Eagle West, LLC v. Ga. Dept. of Transp.*, 312 Ga. App. 882, 888 (720 SE2d 317) (2011).

Smith's argument relies on OCGA § 24-6-611 (b), which provides that

[a] witness may be cross-examined on any matter relevant to any issue in the proceeding. The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against the party. If several parties to the same proceeding have distinct interests, each party may exercise the right to cross-examination.

Smith argues that, because Laney and Laney Transportation do not have distinct interests, they did not have the right to pursue separate cross-examination as to any of the witnesses called at trial.

Our caselaw interpreting this statute, however, does not support Smith's reading. Instead, we have consistently read the third sentence of the statute merely as a clarification of what it means for a witness to be "called against the party"—namely for that witness to be called by a party with "distinct interests"—such that a party could cross-examine that witness. See *Lavender v. Wilkins*, 237 Ga. 510, 515-517 (4) (228 SE2d 888) (1976) (testator's common law wife and nephews had distinct interests such that they could cross-examine each other); *Crumbley v. Wyant*, 188 Ga. App. 227, 228 (1) (372 SE2d 497) (1988) (hospital and doctor had distinct interests

6

that allowed each party to cross-examine each other's witnesses despite relying on the common defense that the decedent's cause of death was not attributable to the doctor); *Thomas v. Newnan Hosp.*, 185 Ga. App. 764, 768 (3) (365 SE2d 859) (1988) (hospital and doctor had distinct interests that allowed each party to cross-examine each other's witnesses when joint and several liability had been alleged and litigated) (physical precedent only); *Smith v. Poteet*, 127 Ga. App. 735, 739-740 (3) (195 SE2d 213) (1972) (co-defendants in a negligence action had distinct interests such that one co-defendant was permitted to cross-examine the agent of another co-defendant); *Gunnells v. Cotton States Mut. Ins. Co.*, 117 Ga. App. 123, 126 (5) (159 SE2d 730) (1968) (trial court did not abuse its discretion in permitting attorneys for various parties to cross-examine witnesses for other parties when "the absence of any distinct interests" did not "clearly appear[]").[2] Indeed, we have held that "[t]he clear intent of [OCGA § 24-6-611 (b)] is to recognize and allow the right of cross-examination for witnesses called by other parties, *and we consider it quite proper for the trial court to regard such witnesses as witnesses 'called against' another party seeking*

[2] OCGA § 24-6-611 (b) of our current evidence code does not track the relevant Federal Rule of Evidence but is instead materially identical to the previous OCGA § 24-9-64, and so our long-standing Georgia caselaw as to cross-examination under that statute still applies. See *R.C. Acres, Inc. v. Cambridge Faire Properties, LLC*, 331 Ga. App. 762, 767-769 (2) (771 SE2d 444) (2015).

7

*cross-examination, unless the absence of any 'distinct interests' clearly appears.*"

(Citation omitted and emphasis supplied.) *Crumbley*, supra, 188 Ga. App. at 228 (1).

Smith has not cited a case wherein we have read this statute to prohibit two or more

parties with identical interests from cross-examining the same witness, and we have

found none.[3]

Furthermore, considering the evidence presented at trial, we cannot conclude

that the trial court's decision harmed Smith. The cross-examination by Laney

Transportation's counsel of Smith and Smith's expert witness were brief and did not

provide the jury with any new information. Additionally, Jeffrey and Nancy

Skorczewski, who provided key testimony during Laney Transportation's

---

[3] We have nevertheless previously noted that we could "envision situations in which such 'double-teaming' [on witnesses by multiple attorneys] would constitute harmful error," at least in the situation where multiple attorneys represented the same party. *Bryson v. Button Gwinnett Sav. Bank*, 205 Ga. App. 668, 670 (4) (423 SE2d 691) (1992). In criminal cases, we have also recognized that the trial court has the discretion to limit questioning and presentation to one advocate. *Vaughn v. State*, 126 Ga. App. 252, 257 (3) (190 SE2d 609) (1972) (trial court did not err in allowing only one defense counsel to present argument at a hearing on a motion to suppress); *Moyers v. State*, 61 Ga. App. 324, 328 (3) (6 SE2d 438) (1939) (trial court did not abuse its discretion in refusing to allow both the defendant and lead counsel to cross-examine a witness). But none of these cases relied on OCGA § 24-6-611 (b), nor do they control the outcome of this case.

examination that Laney did not change lanes before stopping,[4] were defense witnesses. The Laney Defendants therefore conducted direct examinations of these witnesses, not cross-examinations, and OCGA § 24-6-611 (b) would not have applied. Thus, even if the trial court erred in allowing the Laney Defendants to conduct separate cross-examinations, any such error would not have affected the verdict so as to constitute harmful error. See *Bryson v. Button Gwinnett Sav. Bank*, 205 Ga. App. 668, 670 (4) (423 SE2d 691) (1992) (concluding that any potential error in allowing both a party's lead and co-counsel to cross-examine the same witness was harmless).

Accordingly, the trial court did not abuse its discretion in allowing the Laney Defendants to make separate cross-examinations, and even if it did, any error was harmless.

(c) Next, Smith claims that the trial court erred by allowing the Laney Defendants to conduct separate voir dire and opening and closing arguments which allowed the Laney Defendants to unfairly present their case twice to the jury. We

_____

[4] The Skorczewskis did not testify directly at trial, but their depositions were read for the jury.

conclude that the trial court did not err in allowing the Laney Defendants to be treated separately during voir dire and opening and closing arguments.

First, regarding the fact that the Laney Defendants had separate opening and closing arguments,

> as a matter of non-constitutional common law, the right to closing argument exists even in civil, non-jury trials, but may be precluded when no factual issues exist or when the parties waive the opportunity. . . . Under [this] approach, the right to closing argument may be limited with respect to time . . . and content so as to preclude improper argument, but trial courts may not totally deny the right. Ample opportunity for full argument is certainly an important right to the parties, and if denied on the main trial of a case, civil or criminal, the denial would furnish sufficient reason, generally, for a new trial. Courts are as much bound to abstain from violating rights of practice as rights of principle. The method ordained by law to reach justice is through a trial; and no final trial is full and complete under our system, without the argument of the parties if they choose to exercise the privilege of discussion. So useful is the aid of argument in elucidating the real merits of a controversy and distinguishing the right side from the wrong, that for the sake of its business utility, aside from its bearing on the mental satisfaction of the parties, there is every reason for vindicating the privilege, as a mere privilege, in all final trials.

(Citations and punctuation omitted.) *Wilson v. Wilson*, 277 Ga. 801, 802 (1) (596 SE2d 392) (2004).

Smith has not cited any authority, and we have found none, for the proposition that a party's right to make opening and closing arguments may be completely precluded simply because that party shares interests with another party, even where such parties have identical interests. We recognize that OCGA § 9-10-182 embodies a statuory restriction on who can present closing arguments, but that statute is inapplicable here. The statute merely provides that "[n]ot more than two counsel for each side shall be permitted to argue any case, except by express leave of the court; and in no case shall more than one counsel be heard in conclusion." See also Uniform State Court Rule 13.3 (same). The first part of the statute does not apply since the Laney Defendants had leave of court to present separate arguments. The final phrase also does not apply because Smith's rebuttal was the final concluding argument. See *Sheriff v. State*, 277 Ga. 182, 185, 187 (1) (587 SE2d 27) (2003) ("[T]he statutory limitation of one counsel "heard in conclusion" applies "to the party exercising the privilege of the final jury argument chronologically, [the 'last say.']").[5]

---

[5] Smith takes issue with the trial court's decision to have Weekes present her closing argument in between the Laney Defendants' separate closing arguments, but "[t]he determination of the order of argument among parties nominally on the same

11

Similarly, Smith's contention that the Laney Defendants should not have been allowed to proceed separately at voir dire is not supported by any authority. Georgia law provides that "[i]n all civil cases, the parties thereto shall have the right to an individual examination of the panel of prospective jurors from which the jury is to be selected, without interposing any challenge." OCGA § 15-12-133. We have not found any provision in Georgia law (and again Smith cites none ) creating any concrete limitation on the ability of a party to conduct voir dire merely because that party has identical interests to another party.[6] Indeed, "[t]he single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination." (Citation omitted.) *Taylor v. State*, 344 Ga. App. 439, 441 (2) (810 SE2d 333) (2018). We fail to see how limiting the amount of parties able to conduct voir dire would further this purpose.

Smith notes that the trial court granted the Laney Defendants four out of the six defense peremptory strikes in this case, but that would have only impacted the

side, as the defendants in this case, was a matter for determination by the trial court in the exercise of a sound discretion[.]" *Gunnells v. Cotton State Mut. Ins. Co.*, 117 Ga. App. 123, 126 (6) (159 SE2d 730) (1968).

[6] Of course, "the appropriate scope of voir dire in a particular case is left to the sound discretion of the trial judge." (Citation omitted.) *Reynolds v. State*, 334 Ga. App. 496, 501 (2) (779 SE2d 712) (2015).

12

other defendant Weekes, if anyone, and would not have given the defense an undue advantage over Smith because both Smith and the defense each received six strikes. In civil cases with multiple defendants, all defendants must join together to exercise their peremptory strikes and are not each entitled to their own full set of strikes, so treating the Laney Defendants as separate did not grant any unfair advantage to either side during the jury selection. *King v. Thompkins*, 186 Ga. App. 12, 14 (3) (366 SE2d 340) (1988). Indeed, we have specifically declined to adopt a rule that would grant multiple parties more peremptory strikes than they are ordinarily entitled to when they have adverse interests. *Sheffield v. Lewis*, 246 Ga. 19, 22 (III) (268 SE2d 615) (1980). The trial court thus did not err in allowing the Laney Defendants to be treated separately during the remaining portions of trial.

We therefore conclude that the trial court did not abuse its discretion by ruling that Defendants Laney and Laney Transportation could proceed as separate entities at trial. Accordingly, we affirm the jury's verdict.

*Judgment affirmed. Mercier, J., and Senior Appellate Judge Herbert E. Phipps, concur.*

13