## Stewart, Appellant, *v.* Manasses.

*Negligence—Physician—Hospital—Nonsuit.*

In an action against a physician to recover damages for personal injuries, a nonsuit is properly entered where it appears that plaintiff on the advice of the defendant went to a public hospital for a surgical operation; that defendant was a member of the associated staff of the hospital and that he agreed for a stipulated sum to perform the operation, but the hospital expenses were to be paid by the plaintiff; that plaintiff was operated upon by the chief hospital surgeon, assisted by the defendant; that she was prepared for the operation by hospital nurses under the direction of the directress of nurses; that after the operation she was burned by a hot water bottle that had been left by one of the

nurses in the bed in which plaintiff was placed; that the duty of preparing the beds in the recovery room and placing the patient therein rested entirely with the directress and the hospital nurses under her charge.

Argued January 16, 1914. Appeal, No. 269, Jan. T., 1913, by plaintiffs, from judgment of C. P. No. 3, Philadelphia Co., March T., 1909, No. 4060, entering nonsuit in case of William G. Stewart and Bertha L. Stewart v. Jacob L. Manasses. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass for personal injuries. Before DAVIS, J.
The opinion of the Supreme Court states the case.

*Error assigned* was in refusing to set aside judgment of nonsuit.

*William H. Lamb,* for appellants.

*William G. Wright,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, February 16, 1914:

This action was against the family physician of the plaintiff, Bertha L. Stewart, by whose advice she went to a public hospital for a surgical operation. After the operation she was burned by a hot water bottle that had been left by a hospital nurse in the bed in which she was placed. Recovery of damages was sought on the ground that the plaintiff's injury was caused by the negligence of the defendant or that of the nurse for whose action he was answerable. It is alleged in the declaration that the defendant agreed to perform the operation and to treat the plaintiff with care and skill while under his charge and to furnish her the services of a skillful nurse and that he failed in the performance of his duty in this regard.

It appeared from the testimony that the defendant

was a member of the associated staff of the hospital and had the privilege of sending patients there for treatment either by himself or by the regular hospital physicians and surgeons; that he agreed for a stipulated sum to perform the operation but the hospital expenses were to be paid by the plaintiff to whom he gave a letter of introduction that secured her admission to a private room in the hospital; that she was prepared for the operation by hospital nurses under the direction of the directress of nurses and etherized by a physician employed by the hospital for that purpose; that she was operated upon by the chief hospital surgeon assisted by the defendant and was removed from the operating room to the recovery room by hospital nurses and the physician who had etherized her; that a bed in the recovery room had been prepared for her reception by warming it with three hot water bottles, one of which had not been removed therefrom and was hidden from view by blankets which covered it; that the defendant followed the nurses and the etherizer into the recovery room and stood near the foot of the bed when the plaintiff was placed in it; that in the operating room the nurses were in charge of the surgeons but in the recovery room they were under the direct, immediate and exclusive control and management of the directress; that the duty of preparing the beds in the recovery room and placing the patient therein rested entirely with the directress and the hospital nurses under her charge and that the surgeons had nothing to do with it and that this was the general rule in hospitals. All of these facts were established by the plaintiff' and her witnesses. Her case was therefore without any support whatever. The injury was caused by the negligence of a hospital nurse, for whose service the plaintiff paid the hopital and whose work the defendant was under no duty to supervise and would not have been permitted to supervise, and for whose negligence he was not responsible.

The nonsuit was properly entered and the judgment is affirmed.