## GASKINS *v.* TOUCHTON, executrix, *et al.*

1. The court did not err in striking all the grounds of the affidavit of illegality except that setting up payment.

(*a*) The delivery of the personal property embraced in the mortgage into the hands of the plaintiff or his agent, or into the control of one of them prior to the foreclosure of the mortgage, should have been pleaded upon the foreclosure, either as payment or by way of accord and satisfaction.

(*b*) The ground of illegality alleging the ownership of the mortgage and execution to be in a third party, and that such third party was seeking to enforce the execution in the name of the plaintiff therein, set up no defense available to the defendant in this case.

2. The charge of the court upon the subject of payment presented with sufficient clearness and completeness the defendant's contention in regard thereto, and left to the jury the decision of the issue made by the defendant's evidence and that of the plaintiff.

3. The defendant's affidavit of illegality set up the defense of payment of the debt represented by the note and secured by the mortgage after the foreclosure of the mortgage; and the charge of the court placing upon the defendant asserting the payment the burden of establishing this defense was not error. Civil Code, § 5746.

No. 2204. APRIL 16, 1921.

Illegality of execution. Before Judge Dickerson. Berrien superior court. July 26, 1920.

On March 24, 1904 a judgment foreclosing a mortgage on certain described realty and personalty in favor of Joe Peterson, administrator, against the mortgagor, H. E. Gaskins, was obtained. A mortgage fi. fa. issued thereon, and, on February 3, 1915, was levied upon the realty embraced in the mortgage. To this levy Gaskins filed his affidavit of illegality, alleging as grounds thereof that the fi. fa. was dormant; second, that on or about December, 1901, the affiant turned over to the plaintiff a certain promissory note for the sum of $750, signed by named parties, and that subsequently, after the foreclosing of said mortgage, the plaintiff collected said note and failed to credit the same upon the execution. The affidavit contained the further ground that the mortgage upon the foreclosure of which the execution issued covered certain personal property (which is described), and that " on or about the maturity of the mortgage the affiant left the place and instructed the plaintiff and George F. McCranie, who was the agent of plaintiff, and who had the mortgage in charge, that this property was being left there, and requested the foreclosure of the said mortgage upon the property, so as to protect deponent and relieve him of further liability; that the plaintiff failed to foreclose the

mortgage upon this property, to the injury and damage of deponent in the sum of $750;" and that the plaintiff and his agent knew that defendant was leaving the premises, and failed to comply with his request to foreclose the mortgage, and refused to have the execution issued for foreclosure until September 7, 1904, and after the property had been squandered and put out of the way. This ground of the affidavit of illegality was amended by alleging that immediately after the maturity of the mortgage the deponent went to the plaintiff and the plaintiff's agent, McCranie, and stated to each of them that he had sold the personal property described in the mortgage to W. N. Gaskins, subject to plaintiff's mortgage, and asked the plaintiff to foreclose the mortgage on the personal property and sell the same, so as to protect defendant to the extent of his liability; that the plaintiff agreed to do this and release defendant from further responsibility under the mortgage so far as the personal property described in the mortgage was concerned, plaintiff assuming the care and responsibility from that time on. Further amending, defendant alleged that the first information he had of the payment of the $750 note held by the plaintiff was in the year 1915. The last ground of the affidavit of illegality sets up that George F. McCranie had purchased the mortgage and that it was his property, and that the same had been properly transferred to him.

The court upon demurrer struck all of the grounds of the affidavit of illegality, except that alleging payment; and the defendant excepted.

*J. A. Alexander* and *W. R. Smith,* for Gaskins.

*R. A. Moore* and *R. A. Hendricks,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The court did not err in striking all grounds of the affidavit of illegality except that setting up payment, that is, payment of the note deposited as collateral security for the mortgage. The allegations in the affidavit of illegality, that the defendant had stated to the plaintiff and his agent that the personal property was left at a certain place, and that he requested them to take charge of it, relieve him of responsibility and assume the responsibility themselves, and to foreclose the mortgage on the property, set up no valid defense; for if these allegations could be treated as an allegation of payment made in kind, so as to require a credit

to be placed upon the mortgage, it was a defense that should have been pleaded to the foreclosure of the mortgage.

The ground of illegality alleging the ownership of the mortgage and execution to be in a third party, and that such third party was seeking to enforce the execution in the name of the plaintiff therein, set up no defense available to the defendant in this case.

And the delivery of the personal property embraced in the mortgage into the hands of the plaintiff or his agent, or into the control of one of them, prior to the foreclosure of the mortgage, should have been pleaded upon the foreclosure, either as payment or by way of accord and satisfaction.

2. The ground of illegality setting up payment of the mortgage after foreclosure was not stricken, the court holding that it raised an issue that should be submitted to the jury. The defendant introduced evidence to show that a note for $750, signed by named parties, had been deposited as collateral for the payment of this mortgage, and there was evidence to show that McCranie, who was cashier of the bank at Willacoochee, was the agent of the plaintiff for the collection of the mortgage and had the mortgage fi. fa. in his possession; and several witnesses testified that the payment of the amount of the note to McCranie was made, and that they saw the mortgage in his possession. The defendant, H. E. Gaskins, testified: " This note [the one for $750] was turned over as collateral security to George F. McCranie. He represented that he held this mortgage for collection; and Joe Peterson, the husband of Miriam Peterson, was present when he said this. I have seen this mortgage in George F. McCranie's possession. I think I gave it to him." Joseph A. Alexander testified for the defendant, that he had seen the $750 note in question. McCranie turned it over to him for collection. Alexander was acting for the Peterson estate. He foreclosed the mortgage in the name of Miriam Peterson; she having died, Joe Peterson was made party. McCranie sent him the $750 note for collection: he sent it back to McCranie in February, 1904; subsequently McCranie admitted to witness that he had collected the note and had applied it as a credit on the mortgage. Several other witnesses corroborated the testimony of Gaskins and Alexander. The plaintiff introduced evidence tending to show that the $750 note had not been paid. This made an issue

for the jury to decide; and the court charged the jury: " In this case it is claimed by the defendant that George F. McCranie was the agent of the owner of the mortgage fi. fa. or execution. I charge you that if you find that George F. McCranie held the note signed by H. E. Gaskins, also the mortgage to secure it, and sent such note and mortgage to Joseph A. Alexander as his attorney to foreclose, and you find that he did foreclose it, and that after this foreclosure H. E. Gaskins paid $750 to McCranie to be placed on said note, then this execution issued on this judgment of foreclosure should be credited with the said $750, provided that George F. McCranie was the agent of the owner of the note and mortgage." This charge presented in substance the contention of the defendant, and submitted to the jury the issue made by the evidence for the plaintiff and defendant. It would have been sufficient, and perhaps better, for the court merely to have instructed the jury that if the sum of $750 was paid to McCranie after the mortgage had been foreclosed, as contended by the defendant, and if it appeared from the evidence that McCranie was the agent of the owner of the note and mortgage, the defendant would be entitled to credit for the amount paid; but the fact that the judge narrowed his charge somewhat, and confined it to the issue as presented by the defendant's witnesses, did not render the charge hurtful, especially as the court almost immediately in connection therewith charged the jury that if they should find that Peterson, the plaintiff in the mortgage fi. fa., turned over the mortgage and note to McCranie as an officer of the Bank of Willacoochee, for the purpose of collecting the same for him, and that he did collect a certain sum of money paid to him for the purpose of being applied on the execution, then they should find in favor of the defendant for the amount which was paid. There was no dispute in the case that McCranie was cashier of the bank, and that this note had been placed with him for collection; and the jury could not but have understood, from the judge's charge as given, that the issue was whether or not the $750 note held by McCranie, the agent, as collateral had been paid, as defendant contended. The jury were authorized to find against the defendant on this issue, and did so find.

3. The ruling made in the third headnote requires no elaboration. *Judgment affirmed. All the Justices concur.*