## De Rose et ux., Appellants, *v.* Hirst.

*Negligence — Surgical operation — Leaving gauze in wound—*
*Negligence of one of two persons—Guessing—Evidence—Nonsuit.*

1. In an action against a surgeon for alleged negligence in leaving gauze in a wound, a nonsuit is properly entered where the evidence shows that defendant performed the initial operation making proper incisions and opening an abscess, but that the subsequent cleaning and sewing up of the wound was left to another surgeon over whom defendant had no control. Davis v. Kerr, 239 Pa. 351, distinguished.

2. As defendant had not undertaken by contract or otherwise to see that the entire operation was performed with due care, and as the evidence showed that the injuries might have been caused by defendant or by some one else not connected with him, plaintiffs' case was not proved with that degree of certainty which the law requires to warrant its submission to the jury.

Argued January 7, 1925. Appeal, No. 220, Jan. T., 1925, by plaintiffs, from order of C. P. No. 2, Phila. Co., Sept. T., 1921, No. 775, refusing to take off nonsuit, in case of James De Rose and Anna De Rose, his wife, v. Barton C. Hirst. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for alleged negligence in performance of surgical operation. Before GORDON, J.

The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiffs appealed.

*Error assigned* was order, but not quoting it.

*Francis J. McCarthy,* with him *J. Washington Logue,* for appellants.—Plaintiffs proved that the particular gauze had been inserted during the operation performed by defendant: Akridge v. Noble, 114 Ga. 949.

Plaintiffs proved that the particular gauze should have been removed during the operation performed by defendant: Davis v. Kerr, 239 Pa. 351.

*Ralph B. Evans,* for appellee.—Where, from plaintiffs' evidence, it appears that an injury may be due to any one of several causes, for some or any of which defendant is not responsible, plaintiffs cannot recover: Bruggeman v. York, 254 Pa. 430; Miller v. Director General, 270 Pa. 330.

OPINION BY MR. JUSTICE SCHAFFER, January 26, 1925:

Appellants, husband and wife, brought this action against defendant, a surgeon, alleging that in the performance of an operation upon the wife he was negligent in that he did not remove from the incision in her body a gauze pad used by him in the operation, and that this pad remained in her body for some fifteen months, causing her serious illness, loss and damage. The trial judge entered a nonsuit and the appeal is from the failure to remove it.

Appellee was engaged to perform the operation, which was a major abdominal one, by plaintiffs' regularly employed physician, Dr. Armao. Defendant did not perform the entire operation, but after making the necessary incisions and the opening of the abscess, which was the seat of trouble, left the operating room, with the

wound open. The duty to clean it out and sew it up so far as sewing was required (part of the incision was left open for drainage purposes) was upon Dr. Armao, who assisted in the operation. Called as a witness he testified, without contradiction, that the gauze pads which were used were counted by defendant before they were introduced into plaintiff's body, and that when defendant completed his part of the operation, they were removed and again counted by defendant, and that the prior and subsequent computations agreed, thus indicating that all the pads which had been used by defendant were removed from her body. He further said that, following the operation, it was necessary to place in the wound a piece of gauze several feet in length for drainage purposes, that it was intended, and essential to proper results, that this gauze should remain in the wound for a number of days, slightly protruding from a small opening left in the wound through which it was pulled out and pieces of it cut off daily until entirely removed. Dr. Armao testified also that he sewed up the abdomen, leaving the small opening about two inches in length, after the defendant had left the operating room, having completed the surgery he was engaged to do, that in sewing it he, Dr. Armao, had to work down in the incision to get at the peritoneal wall, and that in doing this it was necessary to use pads for the purpose of sopping up blood. Dr. Hirst had nothing to do with the plaintiff after leaving the operating room; she was under the care of Dr. Armao. The gauze which was ultimately removed from the body of plaintiff was brought to the latter in a jar filled with alcohol; the material he subsequently threw away and it was not produced at the trial. In answer to a question as to the size and shape of this gauze Dr. Armao said he could not distinguish it because it had been in plaintiff's body for such a long time it was crumpled up, and, for this reason, he could not tell whether it was from a strip of gauze or a pad.

Dr. Durham, the physician who removed the substance from plaintiff's body, said that it was a very closely packed piece of gauze, so closely packed in the incision, that to pull it out took force, that he could not recall the size of it or whether it was the kind of pack used in the performance of operations by surgeons. Plaintiff was under the influence of an anaesthetic at the time defendant operated upon her and knew nothing about what then occurred. After recounting the seriousness of her condition and the suffering she endured following the operation, she told of the removal of the foreign substance from her body by Dr. Durham, she being conscious at that time, and said it was a "pad."

Under the circumstances here manifest it could not properly or reasonably be held that plaintiff's designation of the substance as a "pad" is sufficient upon which to place defendant's liability. She asks that, from this statement, the inference be drawn that it was one of the pads used by the defendant when he operated upon her. In view of the fact that Dr. Durham, who extracted the gauze from her body, and Dr. Armao, to whom she exhibited it, could not identify it, and, in the light of the further facts that the latter in closing up the incision after Dr. Hirst had departed, also used pads of gauze to sop up the blood in her abdomen, and that admittedly several feet of gauze were purposely and properly left in the wound after the operation for the purpose of drainage, no such compelling inference arises. The fact that another witness, a woman who was present when the substance was removed from plaintiff, designated it as a "big long piece of packing" and that still another witness, who accompanied plaintiff when she took the material in the jar of alcohol to Dr. Armao, spoke of it as a pad, are not sufficient to establish the conclusion necessary to plaintiff's right to recover, in view of the extreme doubt created by the testimony of the two physicians heretofore recited as to just what the substance was and the further doubt as to whether, even if

a pad, it might have been left in plaintiff's abdomen, not by defendant, but by Dr. Armao when he was cleaning out and sewing up her abdomen and using pads after defendant had departed.

Appellants seek to bring this case within the rule of Davis v. Kerr, 239 Pa. 351, and consequently to impose upon appellee the burden of rebutting the presumption of negligence arising from the fact that a foreign object was allowed to remain in the body of Mrs. De Rose without any plan for its removal. Manifestly the rule of the cited case cannot be applied here in view of the nature of appellee's part in the operation. He did not, as did the defendant in that case, carry the operation through to completion; others, for whose actions he would not be responsible, were involved, and, so far as the evidence shows, it is just as probable that they committed the act upon which this case is founded, as that appellee was guilty of it. Starting, as we do, with the presumption against defendant's negligence (Phila. & Reading R. R. Co. v. Hummell, 44 Pa. 375), and having only testimony produced which shows plaintiff's injuries were caused by an act either of defendant or of some one else not connected with him (defendant not having undertaken by contract or otherwise to see that the *entire* operation was performed with due care), plaintiffs' case was not proved with that degree of certainty which the law requires to warrant its submission to the jury: Laven v. Moore, 211 Pa. 245; Stewart v. Manasses, 244 Pa. 221; Fleccia v. Atkins, 270 Pa. 573. The court below was correct in entering the nonsuit.

Judgment affirmed.