Richmond, Appellant, *v.* A.F. of L. Medical
Service Plan of Philadelphia.

Argued January 5, 1966. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Murray C. Goldman,* for appellants.

*Francis E. Shields,* with him *William J. O'Brien, Richard J. van Roden,* and *Pepper, Hamilton & Scheetz,* for appellees.

OPINION BY MR. JUSTICE EAGEN, March 22, 1966:

This is a death action based upon alleged malpractice by the defendants in the treatment of plaintiffs' decedent. At trial, the jury found in favor of the defendants. From the judgment entered on the verdict, the plaintiffs appeal.

An examination of the trial record indicates a new trial is necessary.

The plaintiffs contended that one of the defendants, a practicing physician, was negligent in not properly examining and timely diagnosing the decedent's illness while he was under his care, and that due to this carelessness the condition was aggravated and resulted in death. That the evidence was sufficient to warrant submission of the question of liability to the jury is not questioned.

In its charge, the trial court, at the request of defendant's counsel, instructed the jury that "there is a presumption against the negligence of a physician in treating a patient . . . there is presumption that he is doing what he should do. Nevertheless, if you determine from the evidence that there was negligence, of course, then the presumption is overcome." This was misleading, prejudicial and added unnecessary confusion to the case.

The ordinary rules of negligence apply to malpractice cases, including the rule concerning the burden of proof. See, 1, 2 Laub, Penna. Trial Guide §§163.3(14), 438.2-11 (1957). The plaintiff, to recover in such a case, has the burden of proving that the alleged wrongdoer did not exercise the care and judgment of a rea-

sonable man in like circumstances, and that his failure to do so caused the injury or loss complained of: *Grantham v. Goetz,* 401 Pa. 349, 164 A. 2d 225 (1960), and *Donaldson v. Maffucci,* 397 Pa. 548, 156 A. 2d 835 (1959). However, this does not mean that there is a presumption against wrongdoing on the part of a physician accused of malpractice. There is a distinct and important difference between stating that the plaintiff has the burden of proving the negligence asserted, and that the defendant-physician is presumed to be free from negligence. See, 9 Wigmore, Evidence §2491 (3d ed. 1940); *Waters v. New Amsterdam Cas. Co.,* 393 Pa. 247, 144 A. 2d 354 (1958); and, *Watkins v. Prudential Ins. Co.,* 315 Pa. 497, 173 A. 644 (1934). The effect of that portion of the charge under discussion could have left the jury with the impression that the plaintiffs in order to recover were required to go beyond proving some evidence of negligence, or a prima facie case of negligence, which, of course, is not correct. It could also create the thought in the jury's mind that defendants were entitled to the benefit of the probative force of such a presumption, even after the issue was given them for decision. This is equally incorrect. Presumptions are not evidence and have no probative quality. Prosser, Torts, 198, 199 (2d ed. 1955); *Waters v. New Amsterdam Cas. Co.,* supra; and, *Watkins v. Prudential Ins. Co.,* supra.

The law of presumptions is extremely difficult to understand, even for those trained in the law. See, Plowman, Presumptions and Inferences, 24 U. Pitt. L. Rev. 469 (1962); and Levin, Pennsylvania and the Uniform Rules of Evidence, 103 U. Pa. L. Rev. 1 (1954). Reference thereto was unnecessary in this case and only tended to confuse an already difficult issue. Cf. *Paul v. Dwyer,* 410 Pa. 229, 188 A. 2d 753 (1963). If erroneous fundamental instructions *may* have been responsible for the complained of verdict, a new trial is

mandatory: *Vaughn v. Phila. Trans. Co.,* 417 Pa. 464, 209 A. 2d 279 (1965), and *Pedretti v. Pgh. Railways Co.,* 417 Pa. 581, 209 A. 2d 289 (1965).

The defendants requested the charge complained of and attempt to sustain it on the authority of *De Rose v. Hirst,* 282 Pa. 292, 127 A. 776 (1925), and *Nixon v. Pfahler,* 279 Pa. 377, 124 A. 130 (1924). Both of these cases involved the correctness of the lower court's entry of a compulsory nonsuit, and clearly do not stand for the proposition that in cases of this type the court should charge the jury that there is a presumption against negligence.

Judgment reversed and new trial ordered.

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent. An examination of the Court's charge *as a whole,* which is the correct test, convinces me that no error was committed.