### 45154. MILLER v. MILLER.
(366 SE2d 682)

HUNT, Justice.

This case hinges on the question whether the presumption of the legitimacy of a child born in wedlock shifts the ultimate burden of proof of legitimacy to a defendant-husband who denies paternity in a divorce action. Involved in the answer to that question is the distinction between shifting of the burden of going forward with evidence in rebuttal and shifting of the burden of persuasion, that is, the ultimate burden of persuading the trier of fact by demonstrating a preponderance of the evidence. The jury found that the husband was the father of the child and fixed support at $30 per week. The husband contends, however, that the trial court's charge to the jury improperly cast upon him the burden of proof regarding paternity of the child. We granted his application to appeal.

Concerning the burden of proof, the trial court charged the jury as follows:

> . . . the effect of these pleadings is to put the burden of proof upon the plaintiff to prove her case by a preponderance of the evidence. Now, in the answer of the defendant where he denies it's his child, *the burden is on him to prove that it is not his child, and that is the same burden and preponderance of the evidence. . . .*[1]

While a jury issue of paternity arose from the conflicting evidence, it was undisputed that the child was born during the parties' brief marriage. Consequently, Mrs. Miller was entitled to the benefit of the presumption of legitimacy set forth in OCGA § 19-7-20:

> (a) All children born in wedlock . . . are legitimate. (b) The legitimacy of [such] a child . . . may be disputed. Where

---

[1] Later in his charge, the trial court judge recited the provisions of OCGA § 19-7-20, relating to the presumption, but did not otherwise instruct the jury as to its effect.

possibility of access exists, the *strong* presumption is in favor of legitimacy and the proof must be *clear* to establish the contrary. . . . [Emphasis supplied.]

This statutory presumption is a firmly-established principle of law, evincing a strong state policy favoring marriage and legitimacy. Without question, therefore, the existence of the presumption requires the production of contrary evidence from the husband. But does it relieve the wife of her burden of proof to establish legitimacy in the first place? For the reasons which follow, we find that it does not.

1. OCGA § 24-4-1 makes clear that the burden of proof lies with the person seeking to establish any fact that is essential to his case.

The burden of proof is determined by pleadings, and where a party has the burden of proof to establish a fact by the preponderance of the evidence it remains on him throughout the trial unless the defendant admits a *prima facie* case by the plaintiff.

Mrs. Miller clearly established a *prima facie* case and obtained the benefit of the presumption. The husband, however, has not admitted a prima facie case as would be accomplished were an affirmative defense presented. *Nash v. Hess Oil Corp.*, 121 Ga. App. 546, 548 (174 SE2d 373) (1970). See also *Gaskins v. Touchton*, 151 Ga. 458 (3) (107 SE 38) (1921) (involving payment as an affirmative defense); *Estridge v. Janko*, 96 Ga. App. 246, 255 (99 SE2d 682) (1957) (involving set-off as an affirmative defense). Hence, applying OCGA § 24-4-1 to these facts would not result in shifting the burden of proof to the defendant.

2. Concerning the effect of a presumption on the burden of proof, the rule, generally, is that while a presumption operating in favor of the party having the ultimate burden of persuasion[2] requires the opposing party to go forward with evidence rebutting the presumption, it does not shift the original burden of persuasion. That burden remains with the party upon whom it was originally cast.[3] Language in cases such as *Wilkins v. Dept. of Human Resources*, 255 Ga. 230, 234 (337 SE2d 20) (1985) and *Morgan v. State*, 172 Ga. App. 375, 376 (323 SE2d 620) (1984), relied upon by the wife, must be read with

---

[2] Our analysis is confined to a civil case and assumes the presumption is rebuttable, as opposed to conclusive, and favors the party having the original burden of proof. Presumptions operating against such a party would affect neither the duty to produce evidence nor the burden of proof.

[3] Consider Federal Rules of Evidence, § 301: "In all civil actions . . . a presumption imposes on the party against whom it is directed, the burden of going forward with evidence to rebut or meet the presumption but does not shift to such party the burden of proof in the sense of the risk of non-persuasion, which remains throughout the trial upon the party of whom it was originally cast."

this principle in mind.[4] While this principle has not been expressly adopted in this state, by statute or otherwise, we find no conflict between it and any of our statutes or case law.[5] Indeed, as stated in *Wright v. Hicks*, 12 Ga. 155, 160-61 (1852):

> [T]he presumption in favor of legitimacy, still holds, whenever it is not inconsistent with the facts of the case; . . . Yet, if such circumstances be in proof as clearly negative the truth of this presumption, the legal intendment will fail, and no general rule of evidence, of universal application, can be prescribed upon this subject. In every case, *the fact* must be determined by the particular circumstances.

We conclude that the wife, as plaintiff in the divorce action seeking custody and child support, initially had and subsequently retained the burden of proving to the satisfaction of the jury her entitlement to these benefits by demonstrating a preponderance of the evidence to rebut her husband's denial of paternity. Consequently, the trial court's charge erred in casting upon the defendant the ultimate burden of proof. We therefore reverse.[6]

---

[4] Much has been said and written about the confusion surrounding the proper effect of a presumption. Ample support can be located for most any theory. See, e.g., Agnor, Agnor's Georgia Evidence, § 17-8 (2d ed. 1986); McCormick on Evidence, §§ 336, 344 (3d ed. 1984); Graham, Evidence — Text, Rules, Illustrations and Problems (published by National Institute for Trial Advocacy, 1983).

[5] Some states have adopted statutory provisions expressly defining presumptions affecting the burden of producing evidence and those affecting the burden of proof. The distinction often relates to public policy considerations. See, e.g., West's Ann. Cal. Evid. Code § 601 et seq.

[6] Reference to the civil edition of the Pattern Jury Charges, prepared by the Council of Superior Court Judges, would have afforded no help to the trial judge. No charge as to the effect of a presumption is included. Not charging at all on presumptions would be consistent with the Thayer "bursting bubble" approach as defined in McCormick, supra, § 344(A). Under this approach, a presumption is simply a procedural device that satisfies a party's burden of producing evidence. When evidence opposing the presumption is offered, from which a jury could reasonably find the non-existence of the presumed fact, the presumption disappears. It "bursts." The determination that the presumption has been rebutted is, under this theory, for the court rather than the jury. But Georgia differs with the Thayer theory in this respect. *Belch v. Gulf Life Ins. Co.*, 219 Ga. 823, 827 (136 SE2d 351) (1964) and *Templeton v. Kennesaw Life &c. Ins. Co.*, 216 Ga. 770, 773 (119 SE2d 549) (1961) hold that a presumption, once established, does not vanish in the face of evidence to the contrary but vanishes, if at all, in the jury room. Thus, it would seem helpful to acquaint the jury with the effect of the presumption or, at least, with the effect of proof of the fact which gives rise to the presumption.

The content of such instructions would depend on the type of presumption and whether the basic fact or the presumed fact, or both, are disputed. A charge on the presumption of legitimacy, for example, would logically follow a charge on the primary burden of proof, would refer to the statutory provision, would briefly explain the effect of the presumption (based on the particular facts), and might conclude with a reminder that the burden of proof or persuasion remains on the party who had it originally.

*Judgment reversed. All the Justices concur. Weltner, J., disqualified.*

Decided April 14, 1988.

*Crumbley & Crumbley, Wade M. Crumbley,* for appellant.
*Edward K. Albrecht,* for appellee.