A91A0531. O'QUINN v. SOUTHEAST RADIO CORPORATION.
(405 SE2d 314)

POPE, Judge.

Plaintiff Southeast Radio Corporation filed this action against defendant Barnie O'Quinn, Jr., and others, seeking to domesticate a judgment obtained against the defendants in Florida. In an earlier appearance of this case, this court reversed the grant of summary judgment in favor of plaintiff (see *O'Quinn v. Southeast Radio Corp.*, 190 Ga. App. 608 (380 SE2d 487) (1989)) and, on remittitur to the trial court, the case proceeded to trial. Defendant appeals the judgment entered on the jury verdict in favor of plaintiff.

1. The only issue submitted for jury determination was defendant's affirmative defense of insufficient service of process of the Florida complaint. Defendant argues the trial court erred in failing to submit to the jury certain other defenses raised by defendant's pleadings, his counterclaim against plaintiff and cross-claim against the other defendants.

The record shows a pretrial order was entered by the trial judge which incorporated the document filed by defendant as his portion of the pretrial order. In that document, defendant preserved only the defense of insufficient service of process and his argument that the uniform enforcement of foreign judgments law is unconstitutional. He did not preserve, as issues to be tried, any other defenses or his counterclaim or cross-claim. A claim or issue, though previously raised in pleadings, is waived when it is omitted from the pretrial order. *Long v. Marion*, 257 Ga. 431 (2) (360 SE2d 255) (1987), and cases cited therein. Thus, defendant waived his right to a jury trial on those defenses and claims not preserved in the pretrial order.

While a party has the "right to have all questions of *fact* passed upon by a jury" (*Williams v. Overstreet*, 230 Ga. 112, 115 (III) (195 SE2d 906) (1973) (emphasis supplied)), "questions of law must be decided by the court." *Foster Wheeler Corp. v. Ga. Power Co.*, 140 Ga. App. 261, 267 (230 SE2d 494) (1976). Certainly, the defendant had no right to submit his constitutional challenge to the jury. While he did preserve his right to have the issue decided by the trial court, the record shows he presented neither evidence nor argument nor citation

of authority in support of this issue. Thus, the issue was abandoned or waived and no error is shown.

2. The evidence showed the return of service for the Florida complaint was signed by a different employee of the Jeff Davis County Sheriff's Department than the deputy sheriff who testified he served the defendant. Defendant failed to raise an objection at trial to the instruction given to the jury on the evidentiary significance of the return of service document. Thus, defendant waived any defect in the charge. See *Little v. Little*, 173 Ga. App. 116 (2) (325 SE2d 624) (1984). Because we find no blatant or prejudicial error in the charge, this enumeration provides no ground for reversing the judgment. See OCGA § 5-5-24 (c).

3. Defendant did raise a timely objection to the trial court's charge on the burden of proof. After first giving a proper charge on the burden of proof, the court also charged: "If you find from a preponderance of the evidence that [defendant] was not personally served . . . then you should find for the defendant. If on the other hand you should find from a preponderance of the evidence that [defendant] was personally served . . . you should find for the plaintiff." (Indention omitted.) Defendant argues the first of the two quoted sentences improperly shifted the burden of proof to defendant to prove by a preponderance of the evidence that he was not personally served.

An instruction which erroneously shifts the burden of proof of an issue may be reversible error. *Whitehead v. Seymour*, 120 Ga. App. 25 (1) (169 SE2d 369) (1969). However, "the rule is that in consideration of allegedly erroneous charges this court must look to the charge in its entirety." *State Hwy. Dept. v. Davis*, 129 Ga. App. 142, 144 (1) (199 SE2d 275) (1973). The charge at issue in this case did not erroneously state that defendant had the burden of proof as to service of process, although, if this had been the only charge relating to the burden of proof it might have been misleading. The court, however, initially gave a proper charge that the plaintiff had the burden of proof in the case. In addition, after the objectionable charge was given the court properly instructed the jury that if it found by a preponderance of the evidence that defendant had been personally served, it should return a verdict for the plaintiff, but "if you find the defendant was not served, then the form of the verdict would be we, the jury, find in favor of the defendant." Thus, the charge as a whole shows the court did not erroneously instruct the jury regarding the burden of proof.

Moreover, in response to defendant's objection the judge explained that he believed the charge as a whole was accurate and asked the attorneys, "Do you want to leave it as is?" Defendant's attorney did not respond to the question and indicated he had no other objections. Thus, the attorney appeared to acquiesce to the charge as a

whole which, as outlined herein, we find was not misleading or erroneous.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 1, 1991.

Walters, Davis, Smith, Meeks & Pittman, W. Edward Meeks, Jr., for appellant.

Zorn & Caldwell, Jerry W. Caldwell, for appellee.