## S02G0721. BEACH et al. v. LIPHAM et al.
### (578 SE2d 402)

FLETCHER, Chief Justice.

Following an eight-day trial, the jury in this medical malpractice action returned a defense verdict in favor of the doctor and hospital. The Court of Appeals of Georgia affirmed in a two-page unpublished opinion.[1] We granted the plaintiffs' petition for the writ of certiorari to consider whether trial courts in medical negligence cases should give the standard jury instruction on the presumption that medical services are performed in an ordinarily skillful manner. Because the presumption charge did not unfairly accentuate the plaintiffs' burden of proof in this case and the jury charge as a whole made clear that the plaintiffs had to prove negligence by a preponderance of the evidence, we hold that the trial court did not err in giving the charge and affirm. Due to possible confusion, however, about how juries should apply the charge, we recommend changes in the language of the pattern instruction for use in future cases.

Mary Jo Beach and her husband sued Mark L. Lipham, M.D., and Tanner Medical Center for negligence after she suffered brain damage and other injuries in the hospital on January 5, 1995. The jury heard testimony from twenty-two witnesses, including ten doctors and four nurses. The Beaches presented expert testimony that Dr. Lipham fell below the standard of care in ordering high doses of morphine and in failing to order adequate monitoring of Beach and the hospital's nurses fell below the standard of care in failing to properly monitor her. Dr. Lipham countered with expert testimony that he prescribed the right treatment for Beach's pneumonia and the proper amount of monitoring; likewise, the hospital presented evidence that its nurses followed the doctor's orders and standard procedures in caring for Beach.

In its jury charge, the trial court first stated that the plaintiffs had the burden of proving their case by a preponderance of the evi-

---

[1] See *Beach v. Lipham*, A01A2180 (Ga. Ct. App. January 9, 2002).

dence and explained that concept. The trial court gave the "presumption of due care" charge as part of two pages of instructions explaining the standard of care: "In Georgia the law is such where there is a presumption that medical, surgical, and nursing services were performed in an ordinarily skillful manner, and the burden is on the Plaintiffs to show a want of due care, skill, and diligence." Beach excepted to the charge as giving too much emphasis to her burden to prove that the defendants deviated from the standard of care, but the trial court overruled the objection. The jury returned a verdict in favor of the defendants after just 15 minutes of deliberations.

On appeal, Beach challenged the giving of the presumption charge as her sole enumeration of error. The court of appeals ruled that the trial court did not err in giving it because our appellate courts have consistently approved the charge.[2] This Court granted review to address whether the court of appeals erred in approving the use of the standard charge, which is routinely given in medical malpractice cases.

1. Both this Court and the court of appeals have held that the presumption of due care charge is a correct statement of the law in Georgia.[3] In *Shea v. Phillips*,[4] we stated the following: "In an action brought by a patient against his physician or surgeon for malpractice, the presumption is that the medical or surgical services were performed in an ordinarily skil[l]ful manner, and the burden is on the one receiving the services to show a want of due care, skill, and diligence."[5] This Court explained that a plaintiff ordinarily must present testimony from doctors as expert witnesses to overcome the presumption of due care and establish a doctor's negligence.

Although the *Shea* case dealt with whether the plaintiff had presented sufficient evidence of negligence to raise a jury question, the court of appeals has addressed whether the presumption should be given as a jury instruction in a medical negligence action. In *Overstreet v. Nickelsen*,[6] the plaintiff asserted that the trial court erred in giving the presumption of due care charge after the plaintiff introduced expert testimony that the defendants did not exercise the required standard of care. Examining presumptions in civil cases, then-Judge Carley concluded that the contested charge stated a rebuttable presumption of law. "Thus, under Georgia law, the pre-

---

[2] See, e.g., *Crumbley v. Wyant*, 188 Ga. App. 227, 228-229 (372 SE2d 497) (1988); see also *Graves v. Jones*, 184 Ga. App. 128, 130 (361 SE2d 19) (1987) (quoting presumption charge in considering propriety of summary judgment in legal malpractice case).

[3] See Thomas A. Eaton, *Res Ipsa Loquitur and Medical Malpractice in Georgia: A Reassessment*, 17 GA. L. REV. 33, 38 & n. 23 (1982) (listing cases).

[4] 213 Ga. 269 (98 SE2d 552) (1957).

[5] Id. at 271.

[6] 170 Ga. App. 539 (317 SE2d 583) (1984).

sumption is that, in the absence of evidence to the contrary, medical services were performed in an ordinary, skillful manner. The proof required to rebut that presumption must come from expert medical witnesses."[7] The court in *Overstreet* held that the due-care presumption did not vanish when the plaintiff introduced contrary evidence and, therefore, the trial court did not err in charging the jury concerning the rebuttable presumption.

Like the court of appeals, we conclude that the presumption of due care is a rebuttable presumption of law.[8] It is a legal inference or assumption that physicians, nurses, and other medical professionals exercise due care and skill in their treatment of a patient based on their education, training, and experience. To overcome the presumption in the typical case, the injured patient must present evidence from expert medical witnesses that the defendants did not exercise due care and skill in performing their services.[9]

2. Presumptions in civil cases have an effect at two stages during a jury trial: when a party moves for a directed verdict and when the trial court instructs the jury.[10] Under Georgia law, a rebuttable presumption of law generally does not vanish when the opposing party introduces evidence contrary to the presumption.[11] As Professor Milich explains in his treatise on Georgia evidence, "it does not matter how much counter evidence the opponent has presented to rebut the presumed fact, the presumption remains alive through jury instructions and can only disappear if the jury decides to discount it."[12]

The Beaches do not challenge the trial court's use of the due-care presumption in determining whether they presented sufficient evidence of negligence to raise a jury question. Instead, they ask this Court to find that the giving of the presumption as a jury charge was prejudicial to them because the experts gave conflicting testimony about the required standard of care.

After reviewing the trial court's charge to the jury in this case, we hold that the court of appeals did not err in approving the use of the standard jury instruction on the presumption that medical services are performed in an ordinarily skillful manner. The instruction

---

[7] Id. at 543.

[8] See OCGA §§ 24-4-20, 24-4-21; see also *Black's Law Dictionary* 1203, 1205 (Bryan A. Garner ed., 7th ed. 1999) (defining "presumption" and "rebuttable presumption").

[9] See *Shea*, 213 Ga. at 271; *Landers v. Georgia Baptist Medical Center*, 175 Ga. App. 500, 501-502 (333 SE2d 884) (1985).

[10] See 2 John W. Strong, *McCormick on Evidence* § 344, at 443 (5th ed. 1999); Paul S. Milich, *Georgia Rules of Evidence* § 5.3, at 56 (2d ed. 2002).

[11] See *Miller v. Miller*, 258 Ga. 168, 170 n. 6 (366 SE2d 682) (1988); *Overstreet*, 170 Ga. App. at 543.

[12] Milich, § 5.1, at 48-49.

is a correct statement of the substantive law in Georgia. It is part of the recommended pattern jury instructions for medical negligence cases.[13] It does not suggest to jurors that they must hold the plaintiff to a standard of proof other than the preponderance of the evidence. Moreover, the challenged instruction is appropriate in medical negligence cases because physicians and nurses, like other professionals, are held to a higher standard of care than ordinary negligence; they must exercise the degree of care generally employed by other members of their profession. The charge helps ensure that jurors, who are not trained in medicine, judge the actions of medical professionals based on the evidence of witnesses who do have the requisite training. Finally, as one sentence in a twenty-page charge, the charge did not impose undue emphasis on the plaintiffs' burden to prove the defendants' lack of due care or impose a double burden of proof on plaintiffs. Instead, the charge as a whole consistently stated that the plaintiffs had the burden to prove their case by the preponderance of the evidence.[14]

3. Despite our approval of the instruction here, we acknowledge that the pattern charge may be confusing to jurors because they are not told how much weight to give the presumption or how much rebuttal evidence is required.[15] The fact that the instruction is a correct statement of law does not mean that it is the clearest statement of the law, especially for jurors without legal training.[16] Since an important goal of a jury charge is to explain the law in "simple, straightforward, and understandable language,"[17] we conclude that the wording of the presumption charge needs to be revised.

In discussing the presumption, the pattern jury instruction needs to explain more clearly the presumption's relationship to the plaintiff's burden of proof and the defendant's standard of care. The jury needs to be instructed that (1) the law presumes that physicians (or other medical professionals) perform medical services in an ordinarily skillful manner; (2) the person claiming an injury may overcome this legal presumption by introducing evidence that the physi-

---

[13] 1 Council of Super. Ct. Judges, Suggested Pattern Jury Instructions: Civil Cases, at 251 (3d ed. 1991).

[14] See *Talmadge v. Talmadge*, 241 Ga. 609, 611-612 (247 SE2d 61) (1978) (concluding charge on burden of proof taken as a whole was entirely sound); *O'Quinn v. Southeast Radio Corp.*, 199 Ga. App. 491, 492 (405 SE2d 314) (1991) (charge as a whole shows court did not erroneously instruct jury on the burden of proof).

[15] See Milich § 5.3, at 58 n. 32; see also Eaton, 17 GA. L. REV. at 42 (concluding that the presumption of due care charge is a redundancy and "potentially misleading").

[16] Cf. *Stull v. State*, 230 Ga. 99, 104 (196 SE2d 7) (1973) ("Even though language used by the appellate courts in a decision may embody sound law, it is not always appropriate to employ such language in instructing the jury.").

[17] See Suggested Pattern Jury Instructions v (quoting Senior Judge James B. O'Connor, past committee member).

cian did not treat the patient in an ordinarily skillful manner; (3) expert medical testimony is required to overcome the presumption; and (4) the plaintiff's burden in proving the physician's lack of due care and skill is by the preponderance of the evidence. These suggested changes are intended to uphold the tradition of having physicians judged by their peers while ensuring that jurors are instructed that the due-care presumption does not change the plaintiff's burden of proof in medical negligence cases.

*Judgment affirmed. All the Justices concur, except Sears, P. J., who concurs specially and Hunstein, J., who dissents.*

SEARS, Presiding Justice, concurring specially.

Because I agree with the majority that the presumption of due care charge given by the trial court in this case did not unfairly impact the plaintiff's case, I concur in affirming the trial court's judgment. However, because the charge on the presumption of due care has the potential to be confusing and misleading and is redundant to the standard charge on the plaintiff's burden of proof, I disagree with the majority's approval, albeit in modified form, of the continued use of the charge.

Initially, I note the presumption of due care "is . . . properly understood as a way of allocating the burden of proof in a malpractice case."[18] Reflecting this understanding is this Court's decision in *Shea v. Phillips*,[19] which, it appears, is the case in which the presumption originated in this State. In *Shea*, this Court stated that, in a medical malpractice action, there is a "presumption . . . that the medical or surgical services were performed in an ordinarily skil[l]ful manner."[20] The cases and treatises cited by *Shea* for this proposition, however, stand only for the proposition that "in a medical malpractice case the burden rests with the plaintiff to prove a lack of due care, skill, or diligence."[21] In this regard, the presumption of due care reflects the substantive rule that there is no "presumption of negligence . . . because unfavorable results follow medical treatment"[22] and that the plaintiff in such an action should, as a matter of policy, have the burden of

---

[18] Thomas A. Eaton, *Res Ipsa Loquitur and Medical Malpractice in Georgia: A Reassessment*, 17 Ga. L. Rev. 33, 39 (1982). Accord *Matheny v. Fairmont General Hosp.*, 575 SE2d 350 (W. Va. 2002); *Wardell v. McMillan*, 844 P2d 1052, 1063-1065 (Wyo. 1992); *Gaston v. Hunter*, 588 P2d 326, 348-349 (Ariz. App. 1978).

[19] 213 Ga. 269 (98 SE2d 552) (1957).

[20] Id. at 271.

[21] Eaton, 17 Ga. L. Rev. at 40. In addition, in *Shea*, this Court did not approve of the giving of a charge on the presumption of due care, but rather simply referred to the presumption in evaluating whether a directed verdict was appropriate in a medical malpractice case. *Shea*, 213 Ga. at 271-272.

[22] *Wardell*, 844 P2d at 1064.

establishing the lack of due care by a preponderance of the evidence.[23]

Because the presumption of due care is merely a way of placing the burden of proof on the plaintiff in a malpractice action, a charge on the presumption adds nothing to the standard charge on the plaintiff's burden of proof and is redundant.[24] When a presumption such as the presumption of due care " 'is advanced in favor of one upon whom the burden of proof does not rest, it really adds nothing to the duty or burden of the other party, since the latter is already under the obligation to present proof in support of his contention, and the presumption only reiterates that obligation.' "[25] *McCormick on Evidence* notes that when a presumption operates to assign the burden of persuasion on an issue, as does the presumption of due care, there is no need to charge the jury on the presumption, as the charge on the burden of persuasion adequately informs the jury of the policies underlying the presumption.[26] The redundancy of a charge on the presumption of due care, coupled with the fact that a charge on the plaintiff's burden of persuasion adequately informs the jury of the policies underlying the presumption, is reason enough to forego a charge on the presumption.

In addition, as is demonstrated by the difficulty that courts have in determining the meaning and role of presumptions, charging on the presumption of due care can potentially be misleading and confusing to a jury that is unversed in the law.[27] For example, a charge on the presumption of due care may be misleading in that it might cause certain jurors to think that the presumption establishes " 'some inherent probability' " that the defendant exercised due care.[28] Furthermore, the charge might be confusing to a jury in that it adds an extra layer of consideration to the jury's deliberations by requiring it not only to determine whether the plaintiff has shown by a preponderance of the evidence that the defendant was negligent, but also to determine the moment at which the plaintiff's evidence is sufficient to discount or overcome the presumption.[29] In my opinion, a charge on the presumption of due care unnecessarily complicates

---

[23] *Wardell*, 844 P2d at 1064; Eaton, 17 Ga. L. Rev. at 40; *Matheny*, 575 SE2d 350; *Gaston*, 844 P2d at 348-349.

[24] Eaton, 17 Ga. L. Rev. at 41.

[25] *Gaston*, 588 P2d at 349, quoting *Board of Water Commissioners v. Robbins & Potter*, 74 A 938, 945 (1910).

[26] 2 John W. Strong, *McCormick on Evidence*, § 344, at 452 (5th ed. 1999).

[27] "The baffling nature of the presumption as a tool for the art of thinking bewilders one who searches for a form of phrasing with which to present the notion to a jury. Most of the forms have been predictably bewildering." *McCormick on Evidence*, § 344, at 450.

[28] See Eaton, 17 Ga. L. Rev. at 42, n. 40.

[29] See *McCormick on Evidence*, § 344, at 450-452 (describing in part the difficulty a jury may have in dealing with charges on presumptions).

the jury charge and introduces possible confusion into the jury's deliberations. Instead of sanctioning such complication and confusion, this Court should strive to simplify jury instructions.

Moreover, because the standard charge on the plaintiff's burden of proof informs jurors that the plaintiff must prove that the medical professional did not perform his or her services with the due care and skill exercised by his profession and that the plaintiff must ordinarily present expert witnesses such as doctors to meet his burden, the standard charges are sufficient, without the presumption, to satisfy the concern expressed in the majority opinion that jurors judge medical professionals "based on the evidence of witnesses who . . . have the requisite [medical] training."[30]

Because a charge on the presumption of due care is redundant to the standard charge on the plaintiff's burden of proof and unnecessarily creates the opportunity for confusion and error, I would disapprove of the giving of such a charge. However, because the charge in this case was one sentence of an otherwise complete and appropriate charge on the plaintiff's burden of proof, and because the evidence of the appellees' negligence was weak, I conclude that any error in charging on the presumption of due care was harmless.[31]

For the foregoing reasons, I concur specially in the majority opinion.

HUNSTEIN, Justice, dissenting.

Standard jury charges in Georgia medical malpractice cases since *Shea v. Phillips*, 213 Ga. 269 (98 SE2d 552) (1957), routinely advise the jury it should presume medical services are performed in an ordinarily skillful manner. Plaintiffs contend this presumption instruction misleads the jury into believing that a malpractice plaintiff bears a double burden of proving his case. The majority acknowledges that the challenged charge may be confusing to jurors but holds that the charge as a whole did not place undue emphasis on plaintiffs' burden to prove the defendants' lack of due care or impose a double burden of proof; the special concurrence holds that the giving of the challenged charge was erroneous but not reversible error. Because I believe the presumption charge at issue serves no purpose other than to amplify the fact that a plaintiff in a medical malpractice action bears the burden of proof by a preponderance of the evidence and the majority's modified charge does nothing to reduce the

---

[30] Majority op. at 305.

[31] See *Dyer v. Souther*, 274 Ga. 61, 62 (548 SE2d 1) (2001) (in case involving undue influence in the execution of a will, this Court held that error in including a "definite tilt" charge when charging on the preponderance of the evidence was harmless because "the charge as a whole was fair and adequately explained the burden of proof and the evidence of undue influence was extremely weak.").

potential to mislead or confuse the jury into believing that the plaintiff bears a double burden of proof, I dissent.

The term "presumption" in the context of medical malpractice actions is clearly used as a shorthand for assigning the burden of proof; it does not involve a shifting of the burden of proof to the plaintiff in the traditional sense, as the plaintiff already has the burden of proof under the ordinary rules governing negligence actions. To add to that burden the obligation to overcome a presumption of due care places upon a plaintiff a double burden. See *Peacock v. Piper*, 504 P2d 1124, 1127 (Wa. 1973). Numerous other jurisdictions have resolved the specter of imposing a double burden of proof by allowing for an instruction on the plaintiff's burden of proof, but **omitting** an instruction as to the alleged presumption of due care. See, e.g., *Matheny v. Fairmont General Hosp.*, 575 SE2d 350 (W. Va. 2002); *Wardell v. McMillan*, 844 P2d 1052 (Wyo. 1992); *Gaston v. Hunter*, 588 P2d 326 (Ariz. App. 1978); *Richmond v. AF of L Medical Service Plan*, 218 A2d 303 (Pa. 1966). As the survey of law undertaken by the Court of Appeals of Arizona in *Gaston* shows:

> If the [presumption charge] is intended to create a presumption in favor of a defendant physician, it is a strange species of presumption indeed. It does not fit the typical description of a presumption in a civil case — that is, a rule that shifts the burden of producing evidence to the party against whom the presumption operates. . . . Rather, this "presumption" appears to do no more than merely restate the familiar rule that the plaintiff has the burden of proving the defendant negligent.

*Gaston*, supra, 588 P2d at 348-349.

Here, the trial court instructed the jury on the appropriate burden of proof and then instructed the jury that

> [i]n Georgia the law is such where there is a presumption that medical, surgical, and nursing services were performed in an ordinarily skillful manner, and the burden is on the Plaintiffs to show a want of due care, skill, and diligence.

Such a charge misleads the jury into believing that a plaintiff must do more than satisfy the applicable burden of proof by a preponderance of the evidence but must also overcome the legal presumption that the medical professionals performed their duties in an ordinarily skillful manner. I would conclude that under any circumstance the charge is unnecessary in order to insure that a jury in a medical malpractice case does not draw invalid conclusions or misapply the preponderance burden. Because "a presumption once established,

does not vanish in the face of evidence to the contrary, but vanishes if at all, in the jury room," *Miller v. Miller*, 258 Ga. 168, 170 n. 6 (366 SE2d 682) (1988), reiterating the presumption to the jury which already has been informed of the plaintiff's burden of proof unduly underscores to the jury the burden of persuasion placed on the plaintiff.

Nor can I agree with the special concurrence that the giving of the charge was harmless error. The potential to mislead the jury into imposing a double burden of proof or, at the very least, confusing the jury by failing to tell them how the presumption may be overcome, results in error in any case, regardless of the strength of the plaintiff's evidence of negligence and regardless of the number of times the court may have properly instructed the jury on the burden of proof. The prejudicial impact of reiterating plaintiffs' burden of proof is especially apparent in cases such as this where in opening and closing statements counsel for the medical professionals emphasized both the burden of proof and the burden of overcoming the presumption.

Accordingly, I would find that the presumption charge is susceptible to more than one interpretation and improperly leaves the jury to consider whether the charge is simply redundant and unnecessary or imposes an additional burden of proof on the plaintiff. Because there is no way for this or any other court to determine which interpretation juries will apply, I dissent.

DECIDED MARCH 10, 2003.

*Doffermyre, Shields, Canfield & Knowles, Foy R. Devine, Georgiana Rizk*, for appellants.

*Downey & Cleveland, Russell B. Davis, Robert C. Harrison, Tisinger, Tisinger, Vance & Greer, David H. Tisinger, David F. Miceli, Kenneth B. Crawford*, for appellees.

*Oates & Courville, Traci G. Courville, Henry, Spiegal, Fried & Milling, Wendy G. Huray, Bird & Mabrey, Carla R. Johnson, Pope, McGlamry, Kilpatrick & Morrison, William U. Norwood III, Watkins, Lourie & Roll, Robert D. Roll, Cochran, Cherry, Givens, Smith & Sistrunk, Hezekiah Sistrunk, Jr., Jane L. Sams, Reynolds & McArthur, Charles M. Cork III, Love, Willingham, Peters, Gilleland & Monyak, Robert P. Monyak, Lucas W. Andrews, Ashley H. Hill, David A. Cook*, amici curiae.