S06F0374. BAKER v. BAKER.
(627 SE2d 26)

CARLEY, Justice.

Jane Wilks Baker (Wife) brought this divorce action against John Steven Baker (Husband). One of the issues at trial was whether the proceeds from a $170,000 check, which Wife received from Wilks Investments, LLLP, a partnership formed by her parents, constituted a gift or a loan. Wife endorsed the check and gave it to Husband, who placed it into a stock trading account which thereafter lost most of its value. After a jury trial, the trial court entered a final divorce decree which resolved issues of child custody, child support, and equitable division of property, and which provided, in relevant part, the following: "The jury having announced its determination that the $170,000 alleged marital debt to Wilks Investments was not a loan, but a gift, neither party is ordered to pay said [alleged] debt." Wife applied for a discretionary appeal, which was granted pursuant to this Court's Pilot Project in divorce cases.

Wife's sole contention is that the record does not contain any evidence to support the jury's finding that the $170,000 was a gift and not a loan. "A valid gift must meet the requirements of OCGA § 44-5-80. . . ." *Avera v. Avera*, 268 Ga. 4, 6 (4) (485 SE2d 731) (1997). Pursuant to that statute, "the donor must intend to give the gift, the donee must accept the gift, and the gift must be delivered. [Cit.]" *Brock v. Brock*, 279 Ga. 119, 120 (2) (610 SE2d 29) (2005). "The delivery of personal property by a parent into the exclusive possession of a child living separate from the parent creates a presumption of a gift to the child." OCGA § 44-5-84. This presumption is applicable here even though the check was drawn on the partnership's account. Although the individual partners in a limited partnership do not have any interest in specific partnership property, OCGA § 14-9-701, and "a partnership is *treated* as a legal entity for certain purposes . . . , nevertheless, a partnership [actually] has no legal entity aside from that of its partners. [Cit.]" (Emphasis in original.) *Lester Witte & Co. v. Rabun County*, 245 Ga. 382, 385 (2) (265 SE2d 4) (1980). See also

*Ford v. Uniroyal Goodrich Tire Co.*, 270 Ga. 730, 732 (2) (514 SE2d 201) (1999). Wife's parents have transferred 98% of the limited partnership to a trust for the benefit of their children, with distribution to occur upon the deaths of both the parents, but they remain the only general partners of Wilks Investments. As such, Wife's parents are the only individuals who are authorized to convey partnership property. OCGA §§ 14-8-9, 14-9-403 (a). When Wife's father, as he was authorized to do, gave his daughter a $170,000 check drawn on the account of a firm having no separate legal existence, there clearly was a "delivery of personal property by a parent into the exclusive possession of a child living separate from the parent . . . ." OCGA § 44-5-84.

The resulting presumption of a gift was rebuttable "by evidence of an actual contract of lending or by circumstances from which such a contract may be inferred." OCGA § 44-5-84. There was no actual written contract evidencing a loan. Instead, the evidence shows that Wife's parents simply made partnership funds available to Wife and to each of her siblings for the purpose of paying off their mortgages. Several witnesses testified that, in every instance, the money constituted a loan, and that interest was due and paid quarterly. The amounts received by Wife and her siblings were referred to as loans in the partnership's records. Thus, some evidence may have been presented in rebuttal of the presumption of a gift. Under Georgia law, however, a rebuttable presumption, once established, does not vanish in the face of evidence contrary to the presumed fact. *Beach v. Lipham*, 276 Ga. 302, 304 (2) (578 SE2d 402) (2003); *Miller v. Miller*, 258 Ga. 168, 170 (2), fn. 6 (366 SE2d 682) (1988). Regardless of " 'how much counter evidence the opponent has presented to rebut the presumed fact, the presumption remains alive through jury instructions and can only disappear if the jury decides to discount it.' [Cit.]" *Beach v. Lipham*, supra. Therefore, the presumption of a gift pursuant to OCGA § 44-5-84 is itself sufficient to support the jury's finding with respect to the $170,000. "Whether the evidence proffered at trial is sufficient to rebut the presumption of gift is a question for the jury. [Cit.]" *Ward v. Sebren*, 242 Ga. 782, 783 (1) (251 SE2d 524) (1979).

Moreover, that presumption is corroborated by other evidence in this case. Circumstantial evidence "is admissible to prove or disprove the essential elements of the gift. Motive of the donor in making the alleged gift may be proved in order to show the intention to make a gift." Redfearn, Wills, Ga., § 16-2, p. 522 (6th ed. 2000). The evidence here shows a complete absence of an enforceable promissory note or a deed to secure debt. Interest payments were only in an amount sufficient to reimburse the partnership for its own interest expenses, the source of the funds paid to Wife and her siblings being an original loan obtained by the partnership. More importantly, the parties did

not, and were never required to, make repayments of any of the alleged principal. Husband testified that Wife's father told him not to repay any principal, since such repayment would be addressed later based on the future success of the partnership's investments. Wife's father testified that the amount given to each child was different and that, rather than each "loan" being forgiven and someone getting a "raw deal," there would have to be a day of reckoning. Thus, the jury could have found that the reason for using the term "loan" was merely for the purpose of "settling the estates of [Wife]'s parents, so that the gifts made to [her] and [her] siblings by their parents, both *inter vivos* and by [distribution of the trust corpus], would be equal." *In re Marriage of Schmidt*, 610 NE2d 673, 679 (Ill. App. 1993).

"The standard by which findings of fact are reviewed is the 'any evidence' rule, under which a finding . . . supported by any evidence must be upheld. [Cit.]" *Southerland v. Southerland*, 278 Ga. 188 (1) (598 SE2d 442) (2004).

> [Finders of fact] are rightly skeptical of transfers by the parents of one of the litigants in a [divorce] case. There is an incentive for both sides of the transfer, the parents making it and the litigant receiving it, to conform their testimony to the disadvantage of the other litigant. Transfers where the parents would never have sought repayment, if the marriage had remained intact, may be viewed from a different perspective when the marriage falls apart.

*In re Marriage of Schmidt*, supra at 678. The evidence in this case was sufficient for the jury to resolve the factual dispute regarding the $170,000 received by Wife from the partnership by finding that it was a gift rather than a loan. See *Hayes v. Hayes*, 279 Ga. 741, 742-743 (1) (620 SE2d 806) (2005). Compare *Brock v. Brock*, supra (corporate compensation).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2006.

*Tisinger, Tisinger, Vance & Greer, J. Thomas Vance, Diane M. Sternlieb*, for appellant.

*Kenneth W. Krontz, Edwards, McLeod & Money, Jennifer McLeod*, for appellee.